*416
 
 Hahi, Judge,
 

 delivered the opinion of the Court:
 

 The act of 1791, ch. 15, declares, That where any , . . person or persons, or the person or persons under whom jiej s|ie or |{iey claim, shall have been, or shall continue to be in possession of any lands, tenements or heredita-ments whatsoever, under titles derived from sales made either by creditors, executors or administrators of any person deceased, or by husbands and their wives, or by endorsement of patents, or other colourable title, for the space of twenty-one years, all such possessions of lands, tenements or hereditaments, under such title, shall be, and they are hereby ratiiied, confirmed and declared to be a legal and good bar, against the entry of any person or persons under the right or claim of the State, to all intents and purposes whatsoever, any former act, law or usage to the contrary in any wise notwithstanding : Provided nevertheless, that the possession so set up shall have been ascertained and identified under known and visible boundaries or lines.” Before this act, no possession, however long and however well ascertained and identified under known and visible lines or boundaries, could have ripened into.a title against the State. Where the title was out of the State, and in an individual, the act of 1715 had declared that an adverse possession for seven years should bar the right of entry under such title. The obvious policy of the act of 1791, was to favor persons who took
 
 actual
 
 possession of lands under known and visible boundaries, and remained in such possession for twenty-oné years. It certainly could not have been the intention of the Legislature, to confirm the titles of those who claimed lands under some one or other of the titles mentioned in the act, and who had been only
 
 constructively,
 
 not
 
 actually
 
 possessed of the lands for twenty-one years.
 

 As to the second question made in this case, it is to be observed, that when Sampson sold a part of the lands covered by tine Sheriff’s deed to him, and the purchaser
 
 *417
 
 took actual possession of such part, that possession extended to the limits of the lands so purchased, and no further. The purchaser had no more right to the possession of the residue of the lands, (the title to which still remained in Sampson,) than Sampson had to the possession of the land he had sold. They were two distinct tracts, held by different persons, in different rights. It is not. like the case of one person holding possession on behalf of and under the title of another. If the person had not purchased, but taken possession of a part of the tract in the name of the whole, for and on behalf of Sampson, and by his permission, that would have been Sampson’s possession. The rule for a new trial must be discharged.