Battle, J.
 

 The principle established by the case of the
 
 State
 
 v.
 
 Cox,
 
 N. C. Term Rep. 165, (page 597 of 2nd edition,) is, in our opinion, decisive of the present. It was there held that a man may be indicted separately under the act of 1805, (Rev. Code, cli. 34, sec. 45,) for fornication and adultery. If he may be indicted separately from the woman, he may, as a necessary consequence, be convicted and punished without, or before, any conviction of her. The authorities referred to, in that case, show that in conspiracies, and other offences where the concurrence of two or more is necessary to their commission, one party may be convicted and punished before the other is tried, or after he is dead. See 1 Strange’s Rep. 193 5 3 Ibid 1227; 3 Burr. Rep. 1263; 1 Ld. Raym. 4S4; 2 Salk. 593. If, then, the man can be indicted and convicted for fornication and adultery, without the woman, we cannot see why he may not be tried separately, whore they are indicted together, or why, if both be convicted, a new trial may not be granted as to her, without disturbing the verdict as to him.— The
 
 State
 
 v. Mainor, 6 Ired. Rep. 340, iu which it was decided, that if there be a verdict upon an indictment against both, finding the man guilty, and the woman not guilty, no judgment could be pronounced against him, because of the inconsistency of the verdict, does not impugn the principle. In that very case, it is said by the Court, that he may be tried by himself and convicted, and there judgment may be given against him “because, as to him, the guilt of the other party is found, as well as his own.” It is manifest, that in such a case, the guilt of the woman is not found as to her, for that remains to be ascertained upon her trial, which is subsequently to be had. So, iu the case before us, the guilt of both parties is found as to the male defendant, but the new trial granted to the woman leaves her guilt, so far as it may affect herself, still to be ascertained upon the second trial. It is only “ when one of the parties has been previously tried and ac
 
 *418
 
 quitted, or when both are tried together and the verdict is for one, that the other cannot be found guilty, for he cannot be guilty, since a joint act is indispensable to the crime of either, and the record affirms that there was no such “joint act.” The present case is not within either of the alternatives, and his Hon- or was right in pronouncing judgment upon the man, although he had set aside the verdict against the woman, and granted h§r a new trial.
 

 Per Curiam. The judgment is affirmed.