Beck, J.
i t<»yproojfof marriage. I. The indictment upon which defendant was convicted charges the offense in two counts. Tbe first alleges that be, at tbe time of tbe commission of the act, was a married man; tbe second avers his marriage, and that tbe woman, with whom tbe adultery was committed, was at tbe time also married. TJpon tbe trial evidence was given of defendant’s admission of bis marriage, and also that be and tbe woman, to whom it is claimed be was married, lived together as man and wife. Tbe court instructed tbe jury that “ testimony of eye-witnesses to tbe celebration of tbe marriage, or of tbe parties themselves, or admissions of tbe defendant, are competent evidence to prove the marriage.” It is claimed by defendant’s counsel that this instruction is erroneous in tbe announcement of tbe rule that defendant’s admissions are competent evidence to establish tbe fact of bis marriage. In our opinion tbe rule is correct. Tbe existence of tbe marriage must be established in order to prove tbe offense; while it is not, strictly speaking, an ingredient of the crime, yet, unless tbe defendant or tbe one with whom tbe crime was committed is of tbe married state, tbe act does not come within tbe statute, and the offense charged was not committed. A person’s admission of facts constituting bis guilt, when voluntary and not of tbe character of confessions procured by improper inducements, are admissible against him. Tbe evidence in question, it is not claimed, was of confessions of tbe prisoner. About tbe time of tbe commission of tbe crime, he admitted that be was married — a fact necessary to bring tbe act with wbicb be is charged within tbe provisions of the statute. It may be regarded as any other fact tending to establish defendant’s guilt, and, it seems to us, tbe same *576 evidence, as his admissions, is competent to prove it. The instruction simply pronounces the evidence competent and does not pass upon its weight. The rule it announces we believe to be supported by authority. 2 Greenl. Ev., § 49 ; Wolverton v. State, 16 Ohio, 173; Cook v. State, 11 Ga. 53; State v. Hilton, 3 Richard, 434; Cameron v. State, 14 Ala. 546.
Upon an indictment for bigamy admissions of a prior marriage by the accused may be shown; 1 Phill. Ev. (Oowen, Hill and Edwards’ notes), 452. No reason exists why the rule should be different upon a charge of adultery. We are aware that many authorities are in conflict with the rule, but we believe it is supported by principle and reason.
_consent of woman not necessary. II. The woman, Elmira Wyman, with whom the act of adultery is alleged to have been committed, was a witness ^01’ ^e testimo:ay she claimed that the act was committed by the defendant _ *' forcibly and against her will. Defendant requested the court to instruct the jury as follows: “Evidence that defendant had sexual intercourse with Elmira Wyman, forcibly and against her will, is not sufficient to sustain this indictment. Such evidence would prove a rape, but is not enough to convict for adultery.” This instruction was correctly refused. In order to constitute the crime of adultery the act must be willingly done. This condition is an essential ingredient in this, as in all other crimes; but it is to be applied to the party who commits the offense, and not to one with whom, or against whom, it is done. The defendant’s guilt does not depend upon the guilt or innocence of Elmira Wyman. If, for certain reasons, she may not be guilty, it does not change the character of the act so far as he is concerned. On his part it was willingly done, and it is, therefore, within the definition the law gives of the offense. It may appear that the act was so far without the woman’s consent as to *577 amount to rape; yet, as to defendant, it was an unlawful, camal connection, and willingly done on his part, which, with the fact of marriage, constitute the crime of adultery, and the defendant may be convicted therefor.
3;_mstruc-rrithoutprejudloe’ III. The evidence establishes the fact that Elmira Wyman, with whom the alleged criminal act was committed, was, at the time, a married, woman. The court instructed the jury that, “to justify a conviction, it must be shown that, at the time defendant had sexual knowledge of Elmira Wyman, he was the husband of Minerva Sanders; or, that at said time Elmira Wyman was the wife of T. W. Wyman.” The persons named in this instruction are alleged respectively to be the wife of defendant and the husband of Elmira Wyman. The prosecution was commenced by Minerva Sanders, and not by T. W. Wyman. It is argued by defendant’s counsel that this instruction is erroneous, because the jury were informed that, in case the evidence failed to prove defendant was a married man, he nevertheless could have been convicted if there had been proof that Elmira Wyman was a married woman. This, it is contended, is in conflict with The State v. Moth, 17 Iowa, 336, which, interpreting Revision, section 4347, holds that prosecutions for adultery can only be commenced by the husband or wife of the guilty party. It is claimed that if there is no evidence of the marriage of defendant he cannot be convicted, for the prosecution is not authorized under the law. There is force in the objection, but we need not determine the point raised. In our opinion- the marriage of defendant was sufficiently shown by the evidence to support the verdict-of the jury, and if the jury had found the defendant to have been an unmarried man, such finding would have been against the evidence. We must presume that the verdict of the jury was based upon the fact of defendant’s marriage, as shown by the evidence. *578 Being satisfied that the verdict is authorized by the facts of the case we cannot disturb it.
IY. It is claimed that defendant was convicted upon the evidence of Mrs. “Wyman, that she is an accomplice, and that her testimony was not sufficiently corroborated to warrant a conviction. Without determining that she is to be regarded as an accomplice in the crime, of which, to say the least, there are very grave doubts, we are of the opinion that she was sufficiently corroborated, even if she be regarded as an accomplice. The frequent visits of defendant to her house, and other facts appearing in the evidence, corroborate her testimony, and- tend to prove the guilt of defendant. The verdict, in our opinion, is sufficiently supported by the evidence.
Y. Defendant’s counsel insist that the punishment, in view of the facts developed in the record, is excessive, and ask that it be reduced. To this the attorney-general interposes no objection but unites in the request. We believe that milder punishment than that inflicted by the district court, in this ease, will subserve the ends of justice. The judgment of the district court will be modified, and the defendant will be adjudged to be imprisoned in the county jail for six months and pay a fine of $300. In all other respects the judgment and rulings of the district court is affirmed.
Modified and affirmed.