THE STATE v. MOSES ELLIS, *Appellant.*

| 74 | 385 |
| 141 | 283 |

| 74 | 385 |
| o168 | ¹201 |
| o168 | ¹203 |
| j168 | ¹220 |

1. **Incest**: RAPE. The crime of rape is of a higher nature than that of incest, the former being punishable (R. S. 1879, ? 1253) by death or imprisonment in the penitentiary, the latter (R. S. 1879, ? 1538) by imprisonment in the penitentiary only. Upon an indictment for incest, therefore, the defendant cannot be convicted, where the evidence proves the commission of a rape.

2. ———: EVIDENCE. It is not necessary, in order to convict the guilty party of incest, that the evidence should show that both parties were guilty; for instance, where one party was aware, and the other ignorant, of the relationship between them, the former only may be convicted.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*C. O. Bishop* for appellant.

The court erred in instructing the jury that the appellant was guilty of incest if he had carnal knowledge of the girl, whether with or without her consent. *People v. Harriden,* 1 Parker Cr. R. 344; *Croghan v. State,* 22 Wis. 444; *DeGroat v. People,* 39 Mich. 124; *State v. Thomas,* 53 Iowa 214. Rape is the higher crime (being a capital offense) and is not merged in incest. The State has no right to charge incest, and then, upon the trial, confront the prisoner with proof of rape, which he could not have expected, and, relying upon the indictment, was not prepared to meet.

*D. H. McIntyre,* Attorney General, for the State.

It is not necessary to a conviction of incest that the offense should have been jointly committed. *State v. Bullinger,* 54 Mo. 142. The gravamen of the offense consists in sexual intercourse between persons within the prohibited degrees, and the fact that force is used in consummating it does not make it any the less the crime prohibited. Be-

sides, the evidence does not show sufficient force to constitute rape under our statute, and for that reason the instruction, as applied to the facts of this case, could not have done defendant any injury, even if it be not the law.

HENRY, J.—The defendant was indicted for incest, and found guilty at the March term, 1881, of the St. Louis criminal court, and the judgment of that court having been affirmed by the court of appeals, he has appealed to this court. The alleged incest was the commission of fornication with Mary Belle Ellis, his daughter, and she testified that he had frequently had sexual connection with her, but that "he made her do it;" and that "she did not tell of it because afraid that he would beat her—that he threatened to beat her if she told any one." At the time of the connection alleged in the indictment she was over twelve years of age. The crime alleged is punishable by imprisonment in the penitentiary for a term not exceeding seven years. The court instructed the jury that: "If defendant is the natural parent of the girl, Mary Belle Ellis, and at, etc.,       *       *       he did feloniously and incestuously commit fornication with her, by actually, and with full knowledge of the relationship, etc., having carnal knowledge of her person, whether with or without her consent, you will find him guilty of incest."

By section 1253 the crime of rape is punishable by death or imprisonment in the penitentiary for a term not less than five years. The crime of incest is punishable by imprisonment in the penitentiary only. R. S., § 1538. The crime of rape is of a higher nature than that of incest, and, when the evidence proves the commission of rape, the party cannot be convicted of incest. The lower is merged into the higher crime. It was so held in *People v. Harriden*, 1 Parker Cr. C. 344; *Croghan v. State*, 22 Wis. 444; *De-Groat v. People*, 39 Mich. 124; *State v. Thomas*, 53 Iowa 214. The case of the *Comm. v. Moses Goodhue*, 2 Met. (Mass.) 193, was one in which the defendant was indicted

for a rape, and it was held that he might be convicted of incest on that indictment. This was under a section of the statute of that state which was held by the court to sanction that ruling; but it was also decided that the jury could return such a verdict only in case they should not find that the rape was proved.

We do not hold it necessary that both parties must be guilty of the crime of incest before the guilty one can be convicted. For instance, if in this case, the defendant was aware of the relationship between him and Mary Belle, and she was ignorant of it, he would be guilty and punishable under the statute, if the illicit connection was by mutual consent, although she could not have been guilty of incest because ignorant of the relationship existing between her and the defendant. Whether the defendant had sexual intercourse with his daughter with her consent, was a question which should have been submitted to the jury, with a direction to convict, if satisfied that she consented, and to acquit the defendant if he forced her to submit.

We think the objections to the indictment cannot be sustained, and the reasons for so holding are well stated by the court of appeals in its opinion delivered in this case. For the error in the instruction above noted, the judgment is reversed and the cause remanded. All concur, except NORTON, J., who dissents.