COMMONWEALTH *vs.* ISAAC BAKEMAN & another.

Hampshire. Sept. 20. — Nov. 23, 1881. LORD & DEVENS, JJ., absent.

Upon an indictment against a man and a married woman, for adultery, the man may be alone convicted, although, at the time the act was committed, the woman was in such a state of stupefaction as to be incapable of consent.

INDICTMENT alleging that the defendants, Isaac Bakeman and Margaret Brooks, a married woman, on July 5, 1880, at Northampton, "did commit the crime of adultery with each other, by then and there having carnal knowledge of the bodies of each other." Trial in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions in substance as follows:

The government introduced evidence tending to show that on the day named in the indictment Bakeman was seen dragging Brooks on the ground into a lot, and they were afterwards seen in the act of sexual intercourse. Brooks testified that she had been drinking during the day prior to the time when Bakeman was seen with her; that she had become so drunk that she did not know all that happened to her; and that Bakeman had no sexual connection with her. Bakeman also testified that he had no sexual connection with her, and that she was not intoxicated; and there was other evidence on this point.

Upon this evidence, Bakeman contended that Brooks was so drunk and stupefied that she was incapable of any voluntary participation in the alleged act of adultery; and that, if it was not adultery on her part, it was not adultery on his part; that it was as to him either rape or assault and battery; and that for either of these offences he could not be convicted on this indictment. He also asked the judge to instruct the jury as follows: " If the defendant Brooks had become so stupefied with liquor

that she was not capable of voluntary action or of knowing that sexual connection was being had with her, or of resisting sexual connection, then she cannot be convicted of adultery unless she drank the liquor for the purpose of making herself unconscious and the less capable of resisting sexual contact. And if, while she was in this state, the defendant Bakeman had sexual connection with her, taking advantage of her stupefied condition, he cannot be convicted of adultery ; his crime is either rape or assault and battery." The judge gave substantially the first sentence of the instruction asked for ; refused to give the second ; and instructed the jury that if they found that Bakeman had sexual connection with Brooks, though she was in the state of stupefaction claimed, he might be convicted on this indictment.

The jury returned a verdict of guilty against Bakeman, and disagreed as to Brooks ; and Bakeman alleged exceptions.

*C. Delano*, for Bakeman.

*C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

ALLEN, J. The indictment charges a joint act by both defendants, constituting a crime in each. It is the common case of different defendants jointly indicted for a crime which may be committed by one alone. The charge is several as well as joint, and one defendant can be convicted upon proof of a several act by him. Such indictments must be construed as if they contained the allegations that the acts constituting the offence, and charged to have been done by the defendants jointly, were also done by each defendant separately. In accordance with that construction, the indictment in this case includes the allegations that each of the defendants committed the crime by each having carnal knowledge of the body of the other. *Commonwealth* v. *Elwell*, 2 Met. 190. *Commonwealth* v. *Griffin*, 3 Cush. 523. *Commonwealth* v. *Slate*, 11 Gray, 60. *Commonwealth* v. *Cook*, 12 Allen, 542. When a crime charged is one which consists in the concurrent act of two or more, such as conspiracy, such joint action must be alleged and proved. But adultery is not such a crime. One person may be alone guilty of it. The act of sexual intercourse by a married man with an unmarried woman, or by an unmarried man with a married woman, is adultery in the man without regard to the guilt of the woman.

It is an act committed by him, between him and the woman, although she is not the criminal or conscious participant. And it is no less adultery that it is also rape. The offences are different in the nature of the wrong done, and in the facts which constitute them. Neither includes the other; and a defendant may be convicted of either without allegation or proof of some fact essential to the other. Carnal knowledge of a woman is the fact common to both: if it is with force and against her will the crime is rape, and the fact that she is married is immaterial; if she is a married woman the crime is adultery, and the fact that it is by force is immaterial. That a man cannot commit rape upon a married woman without also committing adultery, only shows that he commits both crimes by one act which includes all the elements of both. *Morey* v. *Commonwealth*, 108 Mass. 433. *State* v. *Sanders*, 30 Iowa, 582.

*Exceptions overruled.*