## 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### SCOTT v. THE COMMONWEALTH.

#### January 25th, 1883.

1. CRIMINAL PROCEEDINGS—*Indictment.*—An indictment for a statutory offence, charging the offence in the language of the statute, is sufficient.

2. IDEM—*Idem.*—An indictment under Code 1873, chapter 192, section seven, for lewd and lascivious cohabitation, may be either *joint* or *separate.*

3. IDEM—*Evidence—Postmaster.*—United States postmaster in Virginia is a competent witness as to matters outside the special affairs of his office.

4. IDEM—*Evidence—Facts.*—Where the evidence, not the facts, is certified, the appellate court will not reverse the judgment, unless after rejecting all the parole evidence of the exceptor, and giving full faith and credit to that of the adverse party, the decision of the court below shall appear to be wrong.

Error to judgment of the judge of the circuit court of Culpeper county, in vacation, refusing the application of William H. Scott for a writ of error to a judgment of the county court of said county rendered 16th May, 1882, imposing on him a fine of $75 and costs on an indictment for a misdemeanor. Opinion states the facts.

*Barbour & Jeffries,* for the appellant.

*Attorney-General F. S. Blair,* for the commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

A transcript of the record in this case certifies to this court that the said Scott was, at the March term, 1882, of the

county court of Culpeper county, indicted for unlawful, lewd and lascivious associating and cohabiting with one Retta Jackson; the said William H. Scott and Retta Jackson not being married to each other—against the peace and dignity of the commonwealth of Virginia; that at the May term, 1882, the said defendant, Scott, moved the said court to quash the indictment, which motion was overruled by the court. Thereupon the said defendant, Scott, demurred generally to the indictment, which said demurrer was overruled by the court. Whereupon the said defendant, Scott, pleaded *not guilty* to the indictment, and a jury, sworn to try the issue of not guilty, returned a verdict of *guilty* against the said defendant, Scott, and fixed his fine at seventy-five dollars. Whereupon the said defendant, Scott, moved the court to set aside the verdict of the jury and grant him a *new trial* on the ground that the verdict of the jury was contrary to the law and evidence, which motion the court overruled, and entered judgment that the commonwealth of Virginia recover of the defendant, Scott, the sum of seventy-five dollars, amount of fine assessed by the jury, and the costs in this behalf expended.

An application for a writ of error and *supersedeas* to said judgment was presented to the judge of the circuit court of Culpeper county, in vacation, and was refused. It is here now for review upon a writ of error and *supersedeas* by this court.

It is urged by the plaintiff in error, Scott, that "the indictment is wholly insufficient, illegal and defective, and even fails to set forth any offence made penal by the laws of Virginia." The indictment is for a statutory offence, and it follows the language of the statute, and is, we think, *sufficiently* full and precise. Code of Virginia, 1873, section 7, chapter 192.

The second assignment of error is, that the indictment was against Scott separately, and not against Scott and the woman (Jackson) jointly. We do not think that this is error. Under the said seventh section of chapter 192 of the Code of Virginia, 1873, page 1208, a separate indictment is good; and that it may

be either *joint* or *separate* is well settled. Wharton's Crim. Law, 2d vol., eighth edition, section 1730, and note 2: section 1742-8. Bishop on Stat. Crimes, section 692-722: section 71-2. 5 Ran. 634; 2 Gratt. 555; 7 Gratt. 589.

The third error assigned is, that the postmaster (Cochran) at Culpeper courthouse was admitted to testify in the case. A postmaster of the United States in Virginia is a citizen of Virginia, and is a competent *witness.* There is nothing in the laws of Virginia, or of the United States, to close his eyes and ears and mouth against the observation or disclosure of facts and occurrences in every day life, outside of the mere special *affairs* of his office.

The fourth and only other assignment of error in the record is, that the "evidence was wholly insufficient to authorize a verdict against the petitioner." The record in the case does not certify *the facts proved;* but does detail the evidence out of the mouths of the witnesses as given by them in court upon the trial of the case. "In such case (where the evidence is certified) the appellate court will not reverse the judgment, unless, after rejecting all the parol evidence of the exceptor, and giving full faith and credit to that of the adverse party (the commonwealth) the decision of the court below shall appear to be wrong." See opinion of Moncure, P., in *Read* v. *Commonwealth,* 22 Gratt. 924, and the numerous cases therein cited. But we think, upon the merits of the case, the jury was well warranted in its verdict; for it was proven by the commonwealth that the appellant, Scott, a *white* man, admitted that Jackson, a *colored* woman, was *his wife;* that they lived together; that he, Scott, admitted that Jackson's daughter was *his child;* that he carried her mail to her from the post-office, and that he familiarly associated with the woman, Jackson, and was reported to live with her as man and wife.

The judgment of the county court of Culpeper county *is affirmed.*

JUDGMENT AFFIRMED.