## G. ALONZO vs. THE STATE.

COURT OF APPEALS, GALVESTON TERM, 1884.

*Adultery.* The indictment in this case jointly charged the appellant and one Lydia Huberick with adultery. The parties severed, the female was first placed on trial and was acquitted. Upon being arraigned for trial, the appellant pleaded in bar of the indictment that the acquittal of his co-defendant amounted to an acquittal of himself, in as much as adultery was a crime which could be committed only by two persons—a male and a female. *Held*, that the court properly overruled the plea. See the opinion *in extenso* on the question.

*Evidence.* It was not error to permit the husband of the said Lydia to testify on the trial of the defendant. This was not a prosecution against the wife, and no circumstances could place her paramour in exception to the rule whereunder the husband is disqualified from testifying against the wife.

*Charge of the Court.* Failing to charge upon the presumption of innocence, the trial judge was requested to present such a charge, and declined. *Held*, error.

*Same.* The court erroneously charged that "circumstantial evidence is often as strong and conclusive upon the understanding as direct and positive evidence."

Appeal from Webb County.

*Showalter & Nicholson* for appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Defendant and one Lydia Huberick were jointly charged by information with living together in adultery, defendant unmarried, and the said Lydia being a married woman. Lydia Huberick severed from her co-defendant upon the trial, and was tried first, the trial resulting in her acquittal. When defendant's case was subsequently called for trial, he filed a special plea of former acquittal, in substance setting forth that the information charged a joint offense against Lydia and himself; that they were charged with adultery with each other; that a severance was granted; that Lydia had been tried and acquitted for said offense; and that her acquittal, in law, operated as an acquittal also of himself of the said charge. On motion of the county attorney this plea was stricken out, and this action of the court is assigned as error.

In North Carolina it has been held, that after the acquittal of one of the defendants, (in a joint charge of adultery) there could be no judgment against the other. The crime charged on these persons could only be committed by both of them; and puon a verdict that one of them was not guilty, it appears conclusively that the other could not be. It is exactly like the case of riots, conspiracies, and principal and accessory which we find in the books. The fartherest the courts have gone is to allow one of the parties to be tried by himself and convicted, and the judgment is given against that party, because as to him the guilt of the other party is found as well as his own.

But when the one has been previously tried and acquited, or when both are tried together and the verdict is for one, the other cannot be found guilty since a joint act is indispensable to the crime in either, and the record affirms that there was no such joint act. State vs. Mainor & Wilks, 6 Iredell (N. C.) 340; State vs. Parham, 5 N. C. 416.

We cannot give our assent to the doctrine of the above cited cases, nor the reasoning upon which the same are founded. We think the

reasoning of these decisions is based upon false premises and is fallacious. While it is true that to constitute adultery, there must be a joint physical act, it is certainly not true, that there must be a joint criminal intent. The bodies must concur in the act, but the minds may not. While the criminal intent may exist in the mind of one of the parties to the physical act, there may be no such intent in the mind of the other party. One may be guilty—the other innocent, and yet the joint physical act necessary to constitute adultery may be complete. Thus,if one of the parties was,at the time of commiting the physical act, insane, certainly such party has committed no crime, but it certainly cannot be contended that the other party who was sane, has committed no crime. So, if one of the parties was mistaken as to a matter of fact, after exercising due care to ascertain the truth in relation to such fact, which fact had it been true would have rendered the alleged criminal act legal and innocent, the party so acting under such mistake of fact would be innocent of crime. P. C. Art. 15; Watson vs. The State, 13 Tex Ct. App., 76. But suppose the other party was not mistaken as to such fact, but on the contrary well knew the true fact which rendered the connection illicit, would this party be regarded as guilty of no offense, because the mistaken party was innocent ?

If the North Carolina rule is correct, it must apply also to fornication, bigamy and incest. Now suppose a farther and his daughter are indicted for incestuous intercourse with each other, and that upon trial of the daughter it is conclusively proved that at the time of committing the physical act, she was an idiot, or that she was wholly ignorant of the relationship existing between herself and her father, without any fault of hers. Of course in either of these cases she must be acquitted. Would it not be monstrous to hold that because of her innocence—her acquittal—the beastly father must go unpunished for his unnatural crime ? Such cannot be the law, and such we believe is not the law as declared by the weight of authority.

In Missouri it has been held that in a case of incest when one party had knowledge of the relationship and the other was ignorant of it, the former may be convicted and the latter acquitted. State vs. Ellis, 74 Mo., 385.

In Tennessee a question, similar to the one at bar, was decided

adversely to the doctrine enunciated in the North Carolina cases referred to.

As the opinion is very short and pointed we will quote it at length. It is as follows : "Defendant with a woman named Green were jointly indicted for open and notorious lewdness. The parties severed for trial, and the woman was acquitted. A plea was filed in bar to the further prosecution of the defendant on the ground that the acquittal of the woman operated as an equivalent to an acquittal of the man, as the offense could only be committed by two persons. The plea was demurred to but the demurrer was overruled. The attorney general declining to take issue on the plea, the defendant was discharged and the State appealed. We think the court erred in refusing to sustain the demurrer. The State might fail to be able to make proof of the offense in the trial of one party from many causes, yet might be able to make proof on the trial of the other. We so held at Nashville some time since, and approve the holding. The acquital of one could not show the other not guilty." State vs. Cadville, 8 Baxter (Tenn) 576.

Mr. Wharton says : "The weight of authority is, that the two participants in adultery may be joined in the indictment, or may be tried singly. And one may be convicted and punished without any conviction of the other." 2 Whart. Cr. Law, §1730.

Again this same author says : "In other joint offenses, it is necessary to prove the concurrence of the participants. This, however, is not necessarily the case in adultery, of which a person may be guilty, who commits the offense by force." Ibid §1724. See also State vs. Sanders, 30 Iowa, 582.

Mr. Bishop says : "As every offense, to be punishable, must be voluntary, so in particular must be adultery. But in adultery, and it is believed in fornication and incest, where the crime consists of one's unlawful carnal knowledge of another, it is immaterial whether the other participated under circumstances to incur guilt or not, just as sodomy may be committed with a responsible human being or an irresponsible one, or a beast. Therefore, the same act of penetrating a woman who, for example, is too drunk to give consent, may be prosecuted either as a rape or as adultery, at the election of the prosecuting power. There are cases which deny this, and hold that adultery, fornication and incest can be committed only with consenting persons, and what is rape cannot be one of the others.

But they are believed to proceed partly, and perhaps entirely, on special terms of statutes; certainly in principle they can have no other just foundation." Bish. Stat. Crimes, § 660.

But independently of other authorities we think the provisions of onr code of criminal procedure decisive of this question. Articles 525 provides, that the only special plea allowed a defendant are, 1st, a plea of former conviction, and, 2nd, that he has been before ac-, quitted by a jury, of the accusation against him in a court of competent jurisdiction, whether the acquittal was regular or irregular." Now how can it be said that this defendant has been acquitted upon an accusation upon which he has never been tried ? We cannot per-, cieve the applicability of a plea of former acquittal in such a case. Again article 717 provides, "where several defendants are tried together, the jury may convict such of the defendants as they may deem guilty, and acquit others."

No exception is made to the operation of this provision in the case of a trial for adultery, or in any other case. Suppose the defendants in this case, being jointly indicted, had been jointly tried, and one of them had been acquitted, and the other convicted, would not such a verdict have been expressly authorized by the last quoted article of the code ? We think so, and being so warranted the court could not have declined to pronounce the judgment of conviction. We therefore hold that the court did not err in sustaining the motion of the county attorney to strike out the special plea of the former acquittal filed by the defendant. The acquittal of his co-defendant could in no manner affect the question of his guilt or innocence, and the case must be considered without reference to such former acquittal of his co-defendant.

Upon the trial of the case the court, over the objection of the defendants, permitted Paul Huberick, the husband of the said Lydia Huberick to testify in the case. This was not error. Lydia Huberick, the wife, was not on trial, and it therefore was not as in the case of the husband testifying against the wife. In the case of Morrill vs. State, 5 Texas Ct·App., 447, this precise question arose, and it was there determined that the husband was a competent witness against the wife's paramour. This does not conflict with the case of Compton vs. The State, 13 Texas Ct. App., 271, where it was held in a prosecution against the defendant for incest, his wife was incompetent to testify against him. If the wife had been on trial, instead

of her paramour, the testimony of the husband would have been incompetent.

In his charge to the jury, the learned judge omitted to instruct as to the presumption of innocense, and as to reasonable doubt. A special instruction supplying this omission was requested by defendant and refused. This was error. Huttto vs. State, 7 Tex. Ct. App., 44.

Among other things, the court at the request of the county attorney charged the jury that, "circumstantial evidence is often as strong and conclusive upon the understanding as direct and positive evidence." Such a charge was, in Harrison vs. The State, 9 Texas Ct. App., 407, held to be a charge directly upon the weight of evidence, and therefore erroneous.

Other errors are complained of which we do not discuss, as they are not likely to occur on another trial, and because we are of the opinion that none of them are tenable. Because of the errors we have designated the judgment is reversed and cause is remanded.