THE STATE v. W. T. CUTSHALL.

*Fornication and Adultery—Conviction of one party— Extradition.*

1. Where a special verdict, in an indictment for fornication and adultery found that the defendant for some time lived with a woman as man and wife, under a marriage which was bigamous as to him, and that so soon as the female discovered the previous marriage of the defendant she separated herself from him, and would not have lived with him if she had known the facts, the defendant was properly convicted.

2. In fornication and adultery, one defendant may be convicted and the other acquitted, as the offence is a joint one in the physical acts only, there being no necessity to charge or prove a joint criminal intent, and hence the absence of the criminal intent may be shown in the defence of either, and upon being shown as to one, it cannot enure to the benefit of the other. (*State* v. *Mainor*, 28 N. C., 340, overruled in respect to this point.)

3. A prisoner who voluntarily agrees to accompany an extradition agent, cannot thereafter object to the absence of the warrant of extradition from the Governor of the State in which he was arrested.

MERRIMON, C. J., dissenting.

INDICTMENT against defendant and Susan E. Pickard for fornication and adultery, tried before *Meares, J.,* at August Term, 1891, of MECKLENBURG Criminal Court.

The defendant alone was on trial.

Before the plea of not guilty was entered, the defendant moved that the Court refuse to take cognizance of the crim-

inal action, on the ground that the defendant W. T. Cutshall was brought here from the State of Tennessee upon a requisition for bigamy, issued by the Governor of North Carolina upon the Governor of Tennessee, for the execution of which one C. W. Rivenbank was appointed agent for this State. That in proof of said allegation it was shown that said State agent went to Tennessee with said requisition; that upon the arrival of said C. W. Rivenbank at Knoxville, Tenn., he found the defendant under arrest and in the custody of the Deputy Sheriff, who had arrested him upon a telegram upon the said charge of bigamy; that said Rivenbank appealed to the defendant not to require him to apply to the Governor of Tennessee to get an endorsement of said requisition from the Governor of Tennessee, as it would only operate as a delay in taking the defendant; and requested the defendant to come to North Carolina upon the requisition as it stood, on the ground that the grandson of the said Rivenbank had died in North Carolina and he, Rivenbank, was anxious to return to North Carolina as soon as possible; that Cutshall agreed to and did come with said C. W. Rivenbank to North Carolina.

This motion was overruled by the Court and the case ordered to proceed, to which ruling the defendant excepted.

Upon the plea of not guilty, the jury rendered the following special verdict:

"That before the 9th day of February, 1890, the defendant Cutshall represented to one Susan E. Pickard that he was a single man, and she being a single woman induced her thereby to enter into a marriage with him, she, the said Susan, fully believing him, the said Cutshall, at the time of the making of said representations and when the marriage was entered into, to be a single man. That the defendant Cutshall and the said Susan E. Pickard were married in York County, S. C., on said day, the ceremony being performed by a regularly ordained minister of the Gospel; that after the said marriage was celebrated, the defendant and

said Susan E. Pickard cohabited for some time as man and wife in the county of Mecklenburg and State of North Carolina, and before the finding of this bill; that at the time they so cohabited, and whilst cohabiting, the said Susan E. Pickard honestly believed that the defendant was her lawful husband, and the jury find that she would not have so cohabited with defendant but for such belief; the jury further find that the defendant, when he and said Susan E. Pickard were married, and whilst they cohabited together, was a married man, and that said Susan E. Pickard immediately upon ascertaining that fact dissolved the connection.

Upon the foregoing facts, the jury are ignorant as to whether the defendant be guilty or not guilty of the offence charged against him, and thereupon pray the advice of the Court thereon. And for their verdict they do say that if upon the whole matter the Court shall be of opinion that the defendant is guilty, they so find; otherwise, they find him not guilty."

The Court upon the foregoing special verdict, instructed the jury that the facts so found constituted the offence as charged in the bill of indictment, as to the defendant W. T. Cutshall, and thereupon the jury rendered a verdict of guilty as to said W. T. Cutshall, in manner and form as charged in the bill of indictment.

There was a judgment upon the verdict, from which the defendant appealed.

*The Attorney General,* for the State.
*Mr. J. A. Forney,* for the defendant.

CLARK, J.: The special verdict finds that the defendant not being legally married to his co-defendant (who was not on trial), lived with her for years as man and wife. The interesting question is not now before us, whether he is not also guilty of bigamy when he has gone through the ceremony of

marriage with her in another State, having at the time a lawful wife living.   The State has chosen to prosecute him for fornication and adultery, the Court below adjudged him guilty on the special verdict, and the appeal presents the correctness of that ruling for review.

It is true that fornication and adultery is a joint act.   It must be shown that two persons, a male and a female, have habitually indulged in unlawful sexual intercourse.   But it is not essential to show that both parties had a guilty intent. It is sufficient if both parties participated in the unlawful sexual intercourse.   This is demonstrated frequently in practice by placing one defendant on trial when nothing need be proven as to the other defendant, who is not on trial, beyond the incidental fact that it is shown as against the party on trial that the unlawful and habitual sexual intercourse existed between them.   Nor can it make any difference that here it affirmatively appears that the party not on trial had no guilty intent, for if the guilty intent of both parties is essential to the conviction of the party on trial, the burden would always be on the State to prove it.   But in truth, all that is necessary to be shown (when only one is on trial), is that there was illicit and habitual sexual intercourse by the party on trial with the person of the opposite sex, charged in the indictment.   There is nothing in this which conflicts with the authority of *State* v. *Mainor*,  28  N. C., 340 (though even that is somewhat questioned in *State* v. *Rinehart*, 106 N. C., 787), which holds that if one is put on trial and acquitted, the other cannot be convicted.   The reason there given for this (if valid) is that the verdict of acquittal establishes against the State that there was no illicit sexual intercourse between the parties, or, in the words of the decision, "that there has been no joint *act*."   But there may, without countervailing that authority, well be, as in this case, an unlawful sexual intercourse wherein one party has a guilty intent, and the other, through ignorance of the facts, not have such intent.   The

intercourse may be illicit as to both, but perhaps criminal as to one only. It would be strange, indeed, if the defendant, who has violated the law flagrantly and intentionally for years, by living as man and wife with a woman he knew was not his wife, should not be guilty of the offence of fornication and adultery, because he added to his offence the fraud of making a good woman falsely believe that she was his wife. This case also differs from *State* v. *Mainor, supra*, in that here neither were both parties on trial, nor had one been previously tried and acquitted.

In *Alonzo* v. *The State*, 15 Tex. App , 378, it is said: " While it is true that to constitute adultery there must be a joint physical act, it is certainly *not* true that there must be a joint criminal intent. The bodies must concur in the act, but the minds may not. While the criminal intent may exist in the mind of one of the parties to the physical act, there may be no such intent in the mind of the other party. One may be guilty, the other innocent, and yet the joint physical act necessary to constitute adultery was complete. Thus, if one of the parties was, at the time of committing the physical act, insane, certainly such party has committed no crime; but it certainly cannot be contended that the other party, who was sane, has committed no crime. So, if one of the parties was mistaken as to a matter of fact, after exercising due care to ascertain the truth in relation to such fact, which fact, had it been true, would have rendered the alleged criminal act legal and innocent, the party so acting under such mistake of fact would be innocent of crime. But suppose the other party was not mistaken as to such fact, but, on the contrary, well knew the true fact which rendered the connection illicit, would this party be regarded as guilty of no offence because the mistaken party was innocent?

Suppose a father and his daughter are indicted for incestuous intercourse with each other. Upon the trial of the daughter it is conclusively proved that at the time of com-

mitting the physical act she was an idiot, or that she was wholly ignorant of the relationship between herself and her father, without any fault of hers; of course, in either of these cases, she would be acquitted. Would it not be monstrous to hold that because of her innocence, the beastly father must go unpunished for his unnatural crime? Such cannot be the law, and such, we believe, is not the law as declared by the weight of authority."

In Misssouri it has been held, in a case of incest, where one party had knowledge of the relationship and the other was ignorant of it, that the former may be convicted and the latter acquitted. *State* v. *Ellis*, 74 Mo., 385. Bishop, Stat. Crimes, § 660, says that when the woman is too drunk to give consent, the man may be prosecuted for rape or adultery, at the option of the prosecuting power. In 2 Whart. Cr. Law, it is also said that the woman may be innocent because irresponsible (for any cause), though the man may be guilty; to same effect *State* v. *Saunders*, 30 Iowa, 582; *State* v. *Donovan*, 61 Iowa, 278; *Com.* v. *Bakerman*, 131 Mass., 577.

The fact is not to be lost sight of that in an indictment for fornication and adultery, the State is not called on to prove a criminal intent. The case is made out when it is shown that a man and woman not being married to each other habitually engaged in sexual intercourse. That this is "lewd and lascivious" is not required to be shown, but is an inference of law from the facts proved, as with "malice" in indictments for homicide, even though in the latter case an intent must be charged. As to this offence, no intent is required to be charged or proved. Indeed, when the habitual sexual intercourse is shown, the law casts the burden of showing marriage on the defendants (*State* v. *McDuffie*, 107 N. C., 885; *State* v. *Peeples*, 108 N. C., 769), both as to this offence and in bastardy proceedings. Either party may avoid such legal conclusion by showing that he, or she, was insane, idiotic, or

without fault ignorant of the facts.   But such defence of a want of intent cannot enure to the benefit of the other party, who had the intent.   It is otherwise, under *State* v. *Mainor, supra,* if the *act* of unlawful sexual intercourse between the two, which it is incumbent upon the State to show, is found in the negative as to one of the two parties charged.

This distinction must exist: (1) Because in the nature of things the State can show no intent except that of an habitual engaging in unlawful sexual intercourse by the parties charged; (2) if the State must show the guilty intent beyond the intent to do the act, the parties not being married to each other, those who lived in illegal habitual sexual intercourse, believing it to be lawful, as mormons, free-lovers, and the like, would not be indictable; (3) a party who lived in such habitual adulterous intercourse with an idiot or insane person, or who might induce another person to go through the ceremony of marriage before one who was not authorized to celebrate it, by falsely pretending to the other party that the celebrant was a proper officer, would be guilty of no offence.   It would always be easy in indictments for this offence to show a pretended ceremony before some one not an officer, and that the woman believed him to be such, and neither party (if this were law) could be convicted. The man could thus have the benefits of matrimony, without its responsibility as to offspring or the public.

In the present case the male defendant has grossly violated the law, and has sinned against the woman as well as the law, and her simple, unsuspecting "faith" in his honor and truth cannot "be imputed to him for righteousness," though it may be so as to herself, if she was innocent of " contributory negligence " and made reasonable enquiry.

Speaking for the majority of the Court, the case of *State* v. *Mainor, supra,* cannot be sustained on reason, since one may be put on trial for this offence and acquitted for lack of proof, and when the other is tried the proof may be ample,

and there can be no estoppel as to the State *in favor* of a party not on trial (*State* v. *Caldwell*, 8 Baxter (Tenn.), 576), as there is none *against* him when put on trial for this offence after conviction of the other party. *State* v. *Parham*, 50 N. C., 416. , Or when both are on trial together, there may be ample proof as to one by confession, as in *State* v *Rine-hart*, *supra*, which cannot be evidence against the other. *State* v. *Mainor*, *supra*, stands alone. Dr. Wharton (2 Cr. Law, 1738) expressly refers to it, and says that it cannot be sustained either by authority or reason. Indeed, however, as we have said, the decision in *State* v. *Mainor* is placed on the ground that "the record affirms that there was no joint act." Here there is no verdict establishing, as to the woman, that she did not have illegal habitual sexual intercourse with the man. On the contrary, it is expressly found that she did. If she is withdrawn from liability by her lack of knowledge of the facts, he can receive no shelter or benefit from an exculpatory matter in which she does not share.

This offence differs from an indictment for conspiracy, in that the latter requires the concurrence of two or more *minds*. No act whatever need be shown. *State* v. *Brady*, 107 N. C., 822. Hence, if the indictment charges two persons with a conspiracy, and by a verdict the non-concurrence of one mind is shown, there can be no conviction of the other defendant. The offence is mental and lies wholly in the intent. But fornication and adultery is a joint physical act. No intent is charged, and of course none need be proven. If the joint *act* is shown, the non-participation of the mind of one of the parties will not relieve the other. Hence, in a late case under the Virginia statute, of fornication and adultery (which defines the offence *verbatim* in the language of our statute), it is held that either party can be *indicted* alone in a separate bill. *Scott* v. *Commonwealth*, 77 Va., 344. This would not be permissible as to conspiracy, or any other offence where the concurrence of two persons in the intent, and not merely

in the act, must be alleged and proven. An offence on "all fours" with this is the crime of incest, which is, in every particular, the crime of fornication and adultery with the sole addition of the relationship of the parties, and as to that offence the authorities all agree that one may be convicted when the other, from lack of mind or ignorance of the facts, may properly be acquitted. When the habitual sexual intercourse between persons not married to each other is in proof, such intercourse is "lewd and lascivious," nothing else appearing. If by lack of mind, or want of knowledge, it is not so as to either party, it is none the less still "lewd and lascivious" as to the other.

As to the other plea, it is sufficient to say that the defendant came back to the State voluntarily, not upon extradition papers, and the point intended to be raised in that regard is not presented.

MERRIMON, C. J. (dissenting): The statute (*The Code*, § 1041) defines and forbids "fornication and adultery" in these words: "If any man and woman, not being married to each other, shall lewdly and lasciviously associate, bed and cohabit together, they shall be guilty of a misdemeanor." To constitute the sexual intercourse thus prohibited, the act or acts must have the quality of lewdness and lasciviousness, not simply on the part of one, but both of the parties. The offence complete is their joint act in all material respects and cannot be otherwise committed. The Court has so repeatedly decided. In *State* v. *Mainor*, 6 Ired., 340, it was held that as one of the parties charged with this offence was found guilty and the other not guilty, no judgment could be entered against the former. Chief Justice RUFFIN, saying for the Court: "The farthest the Courts have gone is to allow one of the parties to be tried by himself and convicted, and then judgment is given against that party, because, as to him, the guilt of the other party is found as well as his own. But

when the one has been previously tried or acquitted, or where both are tried together and the verdict is for one, the other cannot be found guilty, for he cannot be guilty, since a joint act is indispensible to the crime of either, and the record affirms that there was no such joint act." To the same effect is *State* v. *Parham,* 5 Jones, 416. In *State* v. *Lyerly,* 7 Jones, 158, it was decided that where two are indicted for fornication and adultery, and one of the parties was taken and put on his trial, and there was a general verdict of guilty, there might be judgment against him. MANLY, J., saying for the Court, that "it is true the offence cannot be committed except by more than one, but the general verdict of guilty finds the guilt of the woman as well as the guilt of the defendant, as against the latter. The extent to which the cases have gone is where one only is convicted, and others *acquitted,* there can be no judgment." These cases have been oftentimes recognized in material respects, and no one of them has ever been overruled. In the recent case of *State* v. *Rinehart,* 106 N. C., 787, *State* v. *Mainor* and *State* v. *Parham, supra,* are expressly cited for the purpose I here cite them, and approved. While there are decisions in other States not in harmony with them, it seems to me that this Court ought to be governed by and adhere to its own decisions, made repeatedly and by Judges of very great ability, learning and experience. They long ago settled the interpretation of the statute creating and defining the offence under consideration, and the legislature, it must be presumed, had knowledge of such decisions and has not seen fit to change or modify the statute in any material respect. In my judgment it is too late to overrule what has been so decided, and start upon a new line of interpretation that will end, we know not where. Possible cases of enormity cannot warrant a departure from an interpretation of the statute so well settled.

It seems to me that the decision in this case necessarily, in effect, overrules the cases cited *supra.* The jury rendered

a special verdict.   The facts found as to the male defendant, the appellant, who alone was put upon his trial, tend strongly to show that he was guilty of the much graver crime of bigamy.   But as to the female defendant, who was not put upon her trial, the facts found by the verdict show that she was not guilty.   She was innocent—she thought that the male defendant was her lawful husband, and as soon as she became sensible of his perfidy and crime she ceased to live with him.   She did not, in a legal sense—that of the statute— "lewdly and lasciviously associate, bed and cohabit together" with him.   As she was not guilty of the offence charged in any view of it, how, in view of the statute and the cases cited above, can the appellant be guilty of the particular offence charged?   I am unable to see.

Incest was not an indictable offence in this State until it was made so by recent statute (*The Code*, §§ 1060, 1061, Acts 1879, ch. 16, § 12), and it is materially different from that under consideration.   *State* v. *Keesler*, 78 N. C., 469.   It makes the mere act of carnal intercourse between the male and female classes of persons specified indictable, and no doubt one of the parties might be convicted and the other acquitted.   But the statute in respect to fornication and adultery does not, as we have seen, make the simple act of sexual intercourse indictable.   To create this offence, the male and female not being married to each other, must "lewdly and lasciviously associate, bed and cohabit together." There must exist the common purpose and knowledge of it to be lewd and lascivious in the association, bedding and cohabiting forbidden, else the offence is not complete.   If the facts are as the jury found them to be, it would seem that the appellant should have been indicted for bigamy, and not for the offence charged in the indictment.   The argument that a bad man *may* escape, cannot have force here.

*Per curiam.*                                    No error.