THE STATE v. EDING, *Appellant.*

Division Two, November 9, 1897.

1. **Transcripts:** CLERKS OF CRIMINAL COURTS: ATTORNEYS.  Clerks of courts with criminal jurisdiction are required by section 4293, Revised Statutes 1889, upon conviction and appeal, to make out the transcript and "certify and return the same to the clerk of the Supreme Court *without delay.*"  A delay of fifteen months is *held* inexcusable; also *held* that the attorneys for defendant have no right to request the clerk to hold back the transcript longer than to see it is properly made out and certified.

2. **Incest:** DEMURRER TO THE EVIDENCE.  The prosecutrix testified that the defendant was her father and that he had continuously for three years prior to the finding of the indictment maintained illicit intercourse with her; that she permitted it through fear.  Her uncle testified that he had remonstrated with defendant about his conduct with his daughter and that defendant admitted to him that he had had sexual intercourse with her.  The defendant swore that he had never committed the incest.  *Held,* sufficient evidence, on a trial for incest, to submit the case to the jury.

3. **Instructions:** INCEST: AGAINST WILL.  The lower court in a trial for incest in 1895 instructed the jury that if they believed the defendant had forced his daughter, then over fourteen years old, to have connection with him against her will, they should acquit.  *Held* to be a proper instruction.

*Appeal from Benton Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) The indictment is sufficient. It charges the offense in the language of the statute as nearly as can be. *State v. Bullinger*, 54 Mo. 142. (2) The evidence is sufficient to warrant the verdict found. *State v. Bryant*, 134 Mo. 246; *State v. Goforth*, 136 Mo. 111; *State v. Punshon*, 124 Mo. 448. (3) No error was committed in giving the sixth instruction. A person indicted for incest can not be convicted, if the evidence proves rape, for the reason that the crime of incest is said to be merged into the higher crime of rape. *State v. Ellis*, 74 Mo. 385; *State v. Croghan*, 22 Wis. 444; *People v. Groat*, 39 Mich. 124; *State v. Thomas*, 53 Iowa, 214.

GANTT, P. J.—The defendant appeals from a conviction and sentence upon an indictment for incest with his daughter, a girl over fourteen years of age. He was convicted and sentenced on the twenty-eighth day of November, 1895, and yet this appeal was not certified to this court by the clerk until the twenty-third day of February, 1897, and filed here March 1, 1897.

Section 4293, Revised Statutes 1889, requires the clerks of courts having criminal jurisdiction from which an appeal is taken to make out the transcript and "certify and *return the same to the clerk of the Supreme Court without delay.*"

The clerk in this case appends an additional certificate to this transcript to the effect that after making out the transcript in due time he held it at the direction of the attorneys for the defendant. No attorney had any right to order the transcript held longer than to see it was properly made out and certified. It results that an inexcusable delay of two years has occurred before this cause was heard in this court. Once again the attention of the trial courts and prosecuting

State v. Eding.

attorneys is respectfully called to this disregard of the statute.

After all this delay counsel for defendant have filed no brief in behalf of the defendant who is on bail. As in duty bound we have examined the record. The indictment is in a long approved form and sufficient. The prisoner was duly arraigned and no error whatever is suggested in the impaneling of the jury. The instructions of the court were exceptionally plain and short. The only instruction asked by defendant was one in the nature of a demurrer to the evidence which the court refused.

The prosecutrix testified that the defendant was her father and that he had continuously for three years prior to the finding of the indictment maintained illicit intercourse with her; that she permitted it through fear; that twice she was *enciente* by him and he procured medicines to produce abortions. Holterman, her uncle, testified that he had remonstrated with defendant about his conduct with the girl, and that defendant admitted to him that he had sexual intercourse with her. The defendant testified that he had never committed the incest. Under this testimony it is plain that the court commited no error in submitting the case to the jury.

It was the province of the jury to believe or reject the testimony of the State. If they believed it the crime was established. We find no errors in the admission or rejection of evidence. The court in its sixth instruction directed the jury that if they believed the defendant had forced the girl to have connection with him against her will they would acquit him. This instruction was strictly in accord with the decision of this court in *State v. Ellis*, 74 Mo. 385.

Finding no error in the record the judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.