STATE OF IOWA, Appellee, v. WILLIAM STALKER, Appellant.

**CRIMINAL LAW:** Incest—Prosecutrix as Accomplice—Corroboration. The defendant in a charge of incest may be convicted on the uncorroborated testimony of the prosecutrix unless she consents to the act and thereby becomes an accomplice. Nonconsent may arise, of course, from immature years.

PRINCIPLE APPLIED: In instant case, the child being less than 13 years of age when the offense was committed, defendant was held to have no cause to complain that the court submitted to the jury the question whether prosecutrix had sufficient mental capacity to entertain a criminal intent, and there being no corroboration, the jury was told to acquit unless they found such incompetency beyond a reasonable doubt. There was evidence to support a finding of mental incompetency to entertain a criminal intent, and as the instruction was not excepted to because it cast too great a burden on defendant, there was no just ground for complaint.

*Appeal from Polk District Court.*—HON. W. H. MCHENRY, Judge.

MONDAY, MARCH 15, 1915.

DEFENDANT was indicted, tried, and convicted of crime of incest; and from the judgment imposed, appeals.—*Affirmed.*

*Walter McHenry* and *Earl DeFord,* for appellant.

*George Cosson,* Attorney General, *W. S. Rankin,* Special

Counsel, and *Thomas J. Guthrie,* County Attorney, for appellee.

DEEMER, C. J.—The crime is alleged to have been committed upon Gladys Beebe, who was 13 years of age on the 8th day of March, 1913. It is claimed that the offense was committed in December of the year of 1912. Prosecutrix is the step-daughter of the accused, and she testified to acts of intercourse with him, beginning in December, 1912, and continuing down until sometime in March of the year 1913, when it was discovered that she was pregnant. There was no testimony which tended to corroborate the prosecutrix and the conviction must depend upon her testimony alone.

1. CRIMINAL LAW : incest: prosecutrix as accomplice: corroboration.

There is some testimony tending to show that the defendant had an opportunity to commit the offense in December, 1912, but otherwise she is in no way corroborated, save that she became *enciente* as a result of her intercourse with someone.

No testimony was offered for the defendant and the case went to the jury upon instructions which are not complained of as abstract propositions, but which the defendant insists were prejudicial to his case and inapplicable to the testimony adduced. These instructions are as follows:

"It is presumed by the law that any person between the ages of seven and fourteen years is incapable of entertaining a criminal intent and a person incapable of entertaining a criminal intent cannot be an accomplice in a crime. If the witness, Gladys Beebe, at the time of the acts of intercourse charged in the indictment, as shown by the testimony, if any such occurred, was incapable of entertaining a criminal intent, then she would not be an accomplice in the crime. But if she did have sufficient mental capacity to entertain a criminal intent; that is, to distinguish between right and wrong and sufficient mental capacity to intend to do the

wrongful act, then she could be an accomplice in the crime even though she was under the age of fourteen years.

"The presumption as to incompetency of a person between the ages of seven and fourteen years is a presumption of law, which simply means that you will assume in the beginning before any evidence is introduced, that such person is incapable of entertaining a criminal intent. This presumption, however, is rebuttable. That is, it may be shown that a person under fourteen years of age is capable of entertaining a criminal intent. This presumption may be rebutted by any evidence in the case. And therefore, in determining whether or not the said Gladys Beebe did have sufficient mental capacity to entertain a criminal intent, you will take into consideration all the circumstances of the transaction as disclosed by the testimony, and the manner of her testifying, and all the testimony which you may think throws light upon that subject. The presumption of incompetency as to Gladys Beebe and the presumption of innocence of the defendant, are both in force at the same time. If the evidence fails to disclose that Gladys Beebe did have sufficient mental capacity to entertain a criminal intent, as hereinbefore defined, you will not be justified in assuming that she did have such mental capacity; if you have a reasonable doubt of the guilt of the defendant he is entitled to an acquittal.

"You have already been instructed that Gladys Beebe could not be an accomplice unless she had sufficient mental capacity to entertain a criminal intent. If you find that Gladys Beebe was not an accomplice under this definition, then you are instructed that it is not necessary that her testimony should be corroborated by other evidence tending to connect the defendant with the commission of the crime; if you find that there was a crime committed. And further you are instructed that if an assault is committed upon a woman, and carnal knowledge of such woman is had by force and violence and against her will, then she would not be an accomplice no matter what her age was and her testimony would

not be required to be corroborated. You are instructed in this case, however, that the testimony is not sufficient to sustain a conviction of this defendant upon the theory that intercourse with Gladys Beebe was accomplished by fraud or force and violence. Before such condition could exist, said Gladys Beebe would be required to resist the act of intercourse to the full extent of her physical power and if at any time her resistance was changed to consent before that act was accomplished, she would then no longer be resisting and the crime then would not be accomplished by means of fraud or force and violence. Where the crime of incest is accomplished by force and violence and against the consent of the woman, it constitutes what is known in the law as a rape. Yet the fact that it is rape does not prevent its being incest under the statute which covers this. But as stated above the testimony in this case will not support a conviction of rape committed by physical force and violence and against the consent of the woman.

"Therefore unless you shall find in this case, beyond a reasonable doubt that Gladys Beebe was mentally incompetent, by reason of her youth to entertain a criminal intent, you should find this defendant not guilty. The intent with which an act is committed is a mental state only, and direct proof of it is not required; nor can it ordinarily be shown by direct proof. Intent is a purpose formed to do or not to do something; and the intent of a person in doing a thing may be inferred from the acts done, the nature and character of the act and from the manner in which or the circumstances under which they were done as disclosed by the evidence."

The real point to appellant's argument is that these instructions are incongruous, in that in finding that prosecutrix was not an accomplice, the jury had to determine that she was not of sufficient mental capacity to understand the nature and character of her act with the defendant; unable

to distinguish between right and wrong,—saying at the same time, however, that if such were the facts, her testimony might be given weight, and conviction had upon that alone; but that if she were of sufficient mental capacity to join in an offense, the defendant could not be convicted unless she was corroborated.

This, doubtless, is the result of the rule, but it is not so incongruous as defendant would have us believe.

The witness, no matter what her age, was competent, and corroboration was only required in the event she was *particeps criminis*.

It is well settled in this state that one cannot be an accomplice to either the crime of adultery or incest, unless she consents to the act and is in fact guilty of it herself. Therefore, if from infancy or any other cause she is unable to consent, she is not an accomplice. But it is nevertheless true that a defendant may be convicted upon her testimony alone, if the jury think she spoke the truth. See *State v. Chambers*, 87 Iowa 1.

The court might well have said that as the prosecutrix in this case was incapable of consenting to the acts of intercourse, she was not in fact an accomplice, instead of submitting the question of mental capacity to the jury. That it did not do so is no ground for complaint on the part of the defendant. This observation is made simply to show that conviction may be had upon the testimony of an immature woman; whereas, if she were mature and consented to the act, conviction could not be had on her testimony alone.

As the prosecutrix in this case was under the age of consent, we need not scrutinize very carefully the testimony in support of the instructions given; for notwithstanding the evident maturity of the girl, while a witness on the stand, the jury may well have found that she did not possess such capacity as to know the nature and character of her actions, their consequences, and their moral obliquity.

Our conclusions are supported by: *State v. Sander*, 30

Iowa 582; *State v. Donovan*, 61 Iowa 278. See also: *Commonwealth v. Bakeman*, 131 Mass. 577.

In the *Chamber's* case, *supra*, the court said:

"Guilt may exist and is none the less enormous, because the act was without the consent of the female. To hold otherwise, is to say that the crime of incest cannot be committed with one who, from infancy or other cause, is incapable of consenting to the act. Sarah D. Cowden was but little over thirteen at the time this crime is charged to have been committed; and, although it does not appear that she resisted the approaches of her stepfather, it can hardly be said that she so consented as to become his accomplice in the commission of the crime."

No error appears, and the judgment must be and it is— *Affirmed.*

LADD, EVANS and PRESTON, JJ., concur.