THE STATE v. HENKE.

1. **Criminal Law**: ADULTERY: EVIDENCE. In an action for adultery, where the case hinged upon the legality of the marriage of defendant to the prosecutrix, parol evidence of the contents of a letter read to the prosecutrix by another, is not competent to prove the death of her former husband prior to such marriage.

2. ———: ———: ABSENCE OF HUSBAND: PRESUMPTION OF DEATH. The provisions of section 4010, Code, intended to establish innocence in a prosecution for bigamy, cannot be made to establish guilt in a prosecution for adultery. A presumption of the death of a party does not arise until he has been absent seven years, without any intelligence concerning him.

3. ———: ———: INDICTMENT: PREFERRED BY WIFE: PRESUMPTION. An averment in an indictment for adultery, that the action was commenced by the wife of the defendant, is not presumptive of its truth, and the fact that it was so commenced must be established by proof.

*Appeal from Plymouth District Court.*

TUESDAY, JUNE 6.

AN indictment was preferred against the defendant Henry Henke charging that he, being the husband of Mary Henke, did, on the 29th day of January, 1881, commit the crime of adultery with one Rina Deutimer. The indictment charges that the prosecution is commenced on the complaint of Mary Henke, the wife of the defendant. The defendant pleaded not guilty, was tried, convicted and sentenced to the penitentiary for two years. The defendant appeals.

*J. S. Struble*, for the appellant.

*Smith McPherson, Attorney-general,* for the State.

DAY, J.—I. The evidence shows that Mary Henke was married to one Sinnett in 1868; and again about New Years, 1869; that he lived with her but four days after the second marriage, since which time she has not seen him, and that she never procured a di-

vorce from him. Mary Henke was married to the defendant in 1874. The defendant and Rina Deutimer do not deny their cohabitation, but they claim that they were married. The whole case, therefore, hinges upon the legality of the marriage of the defendant to Mary Henke. Mary Henke for the purpose of establishing the fact that Thomas Sinnett was dead when she married the defendant, was allowed, against defendant's objection, to testify that about a year after Thomas Sinnett went away she received a letter from Montana, from a man whose name she had forgotten, saying that "Thomas Sinnett died, and to let his wife know that he was dead," that she cannot read, but saw the letter, and that the letter was burned. The testimony was hearsay in a double sense. It amounts to no more than that some one read to her a letter from somebody saying that Thomas Sinnett had died. The admission of this evidence was clearly erroneous.

II.  The court instructed the jury that "if the evidence shows that at the time of the marriage of the defendant 2. ——: ——: Henry and Mary, Sinnett had    *    *    * absence of husband: pre- been voluntarily absent from Mary for the space sumption of death.          of three years, and Mary did not then, to-wit: at the time of her marriage to Henry, know that Sinnett was alive    *    *    *    *    then the marriage of Henry to Mary was legal." The court thus applied to this case the provisions of section 4010 of the Code, enacted in favor of a party contracting a second marriage, whose husband or wife had been continually absent for three years, and was not known to be living at the time of the second marriage. Thus by the action of the court a statute which was intended to establish innocence in a prosecution for bigamy, is made to establish guilt in a prosecution for adultery. The instruction is clearly erroneous. . A presumption of the death of a party does not arise until he has been absent, without intelligence concerning him, for the period of seven years. Greenleaf on Evidence, § 41. It is claimed, however, that even if this instruction be erroneous, it is error without

prejudice, because the evidence shows that Mary Henke and the defendant continued to cohabit as husband and wife until 1881, which was after the lapse of seven years from the time that Thomas Sinnett went away. See Code, § 2201. As the judgment must be reversed on other grounds, we need not determine whether the giving of this instruction was error without prejudice.

III. Section 4008 of the Code provides that "no prosecution for adultery can be commenced but on the complaint of the husband or wife." Upon this question the court instructed the jury as follows: "It is alleged in the indictment that the action was commenced by Mary Henke, wife of the defendant Henry Henke. The law requires that it should be so commenced. Defendant insists that there is no proof that the action was so commenced, and that hence you cannot convict defendant. If you shall find from the evidence that at the time of the commencement of this action, Mary Hanke was the wife of Henry Hanke, defendant, then you need not stop to consider whether the action was commenced by her. The law will presume in the absence of any proof, that the action was commenced by the witness, Mary Henke."

3. ——: ——:
indictment:
preferred by
wife : pre-
sumption.

In support of this instruction the State relies upon *State v. Roth*, 17 Iowa, 336. In that case the defendant introduced affirmative proof that the action was not commenced by his wife. It was held upon the defendant's appeal, that the averment in the indictment was not conclusive against the defendant that the action was commenced by his wife, but that he might show the real fact. It was not, however, held in that case that the averment in the indictment was even presumptive of its truth, and we think that it is not. There can be no presumptive against a defendant of a fact essential to his conviction. All such facts must be established by the State.

REVERSED.