State v. Donovan.

## STATE v. DONOVAN.

1. **Adultery**: CONSENT OF WOMAN NOT ESSENTIAL. To constitute the crime of adultery as against the man, the consent of the woman to the carnal intercourse is not necessary.

2. ———: COMPLAINT OF WIFE: FACTS NOT CONSTITUTING. Where a wife, in response to a subpœna, testifies before the grand jury to her husband's adultery, supposing that she is obliged to do so, but not intending to prefer charges of adultery against him, this is not a complaint by her against her husband, as contemplated by section 4008 of the Code.

3. ———: ———: PROOF OF BY STATE. A conviction cannot be had for adultery without proof that the indictment was found on complaint by the husband or wife of the defendant, but the fact of such complaint need not be proved beyond a reasonable doubt.

4. **Criminal Law**: EVIDENCE: WEIGHT OF ADMISSIONS. An instruction that "admissions made in ordinary or random conversation are not generally considered in law as satisfactory proof," *held* not erroneous.

5. ———: ———: GOOD CHARACTER: WEIGHT OF. An instruction in a criminal action to the effect that previous good character as to the trait involved is not of itself a defense, but is a consideration which may be sufficient to turn the scale in defendant's favor, and that its value as defensive evidence must be determined by the jury, *held* to give sufficient effect to proof of good character.

6. ———: MOTIVES OF PROSECUTOR IMMATERIAL. If the defendant is proved guilty of the crime with which he is charged, it is the duty of the jury to convict him, regardless of the motives which may have led to his prosecution.

7. **Evidence of Conversation**: WITNESS MAY STATE IMPRESSIONS. Where a witness cannot give the language used in a conversation, he may testify to the ideas which the language conveyed to his mind, and the jury must pass upon the weight of the testimony.

8. **Adultery**: EVIDENCE: ERROR CURED. Where, contrary to the rule of law, in a prosecution for adultery, evidence was admitted of an adulterous act subsequent to the one charged in the indictment, the error was cured by the district attorney's withdrawing from the jury the evidence of such subsequent act.

*Appeal from Mitchell District Court.*

### TUESDAY, JUNE 12.

THE defendant was indicted for the crime of adultery, was tried, convicted, and sentenced to imprisonment for two

years. He appeals. The material facts appear in the opinion.

*L. M. Ryce*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

DAY, CH. J.—I. The person with whom the offense is alleged to have been committed was the sister of the defendant's wife, fifteen years of age. She testified that the defendant accomplished the connection with her by force and against her will. The court instructed the jury as follows: "To constitute the crime of adultery as against the man, the consent of the woman to the carnal intercourse is not indispensable, but the offense may, as against him, exist, though the connection was effected by force and against her will." The giving of this instruction is assigned as error. It is fully in accord with the rule established in *State v. Sanders*, 30 Iowa, 582. We are content with the doctrine recognized in that case.

*1. ADULTERY: consent of woman not essential.*

II. The court, after charging the jury that no prosecution for adultery can be commenced but on the complaint of the husband or wife, and directing them as to what acts upon the part of the defendant would constitute such complaint, instructed the jury as follows: "But if she appeared before the grand jury in response to a subpœna, and testified before them in the case, but not intending to prefer the charge of adultery against the defendant, but gave her testimony supposing she was required to do so, this would not be a complaint by her against her husband within the meaning of the law." It is objected that this instruction is uncertain and misleading. It is not, we think, vulnerable to the criticism made. It announces a correct rule, and was really in the interest of, and beneficial to, the defendant.

*2. ——: complaint of wife: facts not constituting.*

III. The appellant complains of the following instruc-

.tion: "The burden is on the state to show that the indict-
ment was found on the complaint of the wife, and failing to do so the jury should acquit." The objection made to this instruction is that it does not direct that the fact referred to must be proved beyond a reasonable doubt.' In *State v. Henke*, 58 Iowa, 457, it was held that an averment in an indictment that the prosecution was commenced on complaint of the wife, must be proved by the state. Such fact is essential to the conviction of the defendant, but it does not enter into or constitute any part of the facts which go to make up the crime. Whilst, therefore, the defendant cannot be convicted without proof that the indictment was found on complaint of the wife, we do not think it is incumbent upon the state to establish the fact beyond reasonable doubt. The thirteenth instruction asked by the defendant was correctly refused, if for no other reason, because it required the fact of the wife's complaint to be established beyond a reasonable doubt.

*3. ———: ———: proof of by state.*

IV.   The defendant complains of the instruction of the court that "admissions made in ordinary or random conversations are not generally considered in law as satisfactory proof." Defendant insists that the court should have instructed that "ordinarily such admissions are weak and unsatisfactory proof." Whilst the court might, without error, have couched the instruction in the language suggested by counsel, it was not error to employ the language used.

*4. CRIMINAL law: evidence: weight of admissions.*

V.  The court instructed the jury as follows: "It is competent for a person accused of crime to prove as a circumstance in his defense that his previous character as to the trait involved in the charge was good. Previous good character is not of itself a defense, but is a circumstance which should be considered by the jury in connection with all the other evidence, and it may be sufficient to turn the scale in his favor, but its value as defensive evidence in any given case is to be determined by the jury."

*5. ———: ———: good character: weight of.*

It is claimed that this instruction does not place sufficient emphasis upon proof of good character, and that the court should have given an instruction asked by the defendant upon the subject. We think the instruction of the court gives all the effect to proof of good character which the authorities warrant. See *State v. Northrup,* 48 Iowa, 583; *State v. Horning,* 49 Id., 158, *State v. Gustafson,* 50 Id., 194.

VI. The defendant complains of the refusal of the court to instruct the jury as follows: "In this case it is claimed by the defense that there are some circumstances in proof tending to show that there was a combination or conspiracy between the wife of the defendant and her mother and the wife's sister, Kate Corcoran, to fasten this crime upon defendant, from motives of malice, pecuniary gain, or other motives. If you find from the evidence such to be the fact, then it will be your duty to acquit. Or if the evidence raises even a reasonable doubt thereon in favor of the accused, you should acquit." This instruction was properly refused. If the defendant committed the crime with which he was charged, it was the duty of the jury to convict him, without any regard to the motives which led to his prosecution.

6. ——: motives of prosecutor immaterial.

VII. The defendant assigns as error the refusal of the court to permit the introduction in evidence of a letter written by one John Callagan, to the wife of the defendant, stating that he would give the old lady, her mother, a span of colts as soon as he was able to get Kate; that he was bound to have Kate anyway. This letter was wholly immaterial, and it was properly rejected.

VIII. The state introduced as a witness one St. John, who testified to certain conversations he had with defendant, in which he admitted having had intercourse with Kate Corcoran. Upon cross-examination he stated that he could not give the language used by defendant, but could testify only from the impressions received and the ideas formed from the conversations. The defendant

7. EVIDENCE of conversation: witness may state impressions.

moved to exclude his testimony from the jury. The motion was properly overruled. The testimony was properly left to the jury, to be given such weight as they might deem it entitled to in view of the facts elicited upon the cross-examination.

IX. The witness, Kate Corcoran, testified to one act of intercourse between herself and the defendant, in January,
8. ADULTERY: 1882. The court permitted her to testify to
evidence:
error cured. another act of intercourse occurring one week afterward. This action of the court is assigned as error. The rule of law is that where the charge is of one act of adultery only, in a single count, to which evidence has been given, the prosecution is not permitted afterwards to introduce evidence of other acts, committed at different times and places. 2 Greenleaf on Evidence, S. 47, and authorities cited. The abstract shows, however, that at the close of the argument the district attorney said he elected to rely upon the transaction first testified to by Kate Corcoran. This, in effect, withdrew the evidence of the second transaction from the jury, and cured whatever error there may have been in its admission.

X. It is claimed that the evidence does not support the verdict. The evidence is not of such a character as to justify us in disturbing the verdict. The judgment is

AFFIRMED.