BUSH v. WORKMAN, SHERIFF.

1. **Adultery:** WHO MAY PROSECUTE FOR: DISCHARGE OF ACCUSED ON HABEAS CORPUS. Section 4008 of the Code, which provides that "no prosecution for adultery can be commenced but on complaint of the hus- band or wife," means the husband or wife of the person sought to be prosecuted, and not the husband or wife of the other party to the crime, against whom no complaint is made; and where upon *habeas corpus*, sued out by one held under such a charge, the answer of the officer showed that the prosecution was not begun or sanctioned by the wife of the accused, a demurrer thereto should have been sustained, and the plaintiff discharged.

*Appeal from an order of Hon. C. H. Travese, Judge of the Circuit Court of the Second Judicial District.*

## FRIDAY, JUNE 13.

HABEAS CORPUS. The plaintiff was committed by a justice of the peace to answer before the grand jury for the crime of adultery, presented in an information filed against him before the justice. He was, upon his own petition, brought before the circuit judge, and, upon the overruling of a demurrer to the answer of defendant, no evidence other than the pleadings having been submitted, he was remanded to the custody of defendant. Plaintiff appeals.

*H. B. Hendershott,* for appellant.

*Smith McPherson,* for appellee.

BECK, J.—I. The information against plaintiff was filed with the justice by the husband of the woman with whom plaintiff is alleged to have committed the crime. It is not shown therein, or in any other manner, that the wife of plaintiff, he being a married man, commenced the prosecution, or that she authorized, sanctioned or approved of it. These facts are shown by the answer of defendant, a demurrer to which was overruled by the circuit judge.

II. Code, § 4008, provides that "no prosecution for adultery can be commenced but on the complaint of the husband or wife." It cannot be doubted that the words "husband or wife" refer to and mean the spouse of the person charged with the offense.

The statute is express and plain in its language, and its meaning cannot be misunderstood. It forbids prosecutions for adultery, except when commenced by the spouse of the person prosecuted.

It is not for us to inquire into the policy of the statute. While it may be condemned by some, much may to said in its favor.

The question here determined has not before been decided by this court. Other questions growing out of prosecutions under the statute in question have been decided here, but they have little, if any, bearing upon the case before us. See *The State v. Baldy*, 17 Iowa, 39; *The State v. Dingee*, Id., 232; *The State v. Roth*, Id., 336; *The State v. Wilson*, 22 Id., 364; *The State v. Sanders*, 30 Id., 582; *The State v. Bennett*, 31 Id., 24; *The State v. Henke*, 58 Id., 457.

It is our conclusion that the judge of the circuit court erred in overruling the demurrer of the plaintiff to defendant's answer. His decision is therefore

REVERSED.