THE STATE OF IOWA, Appellant, v. J. L. MAHAN,
Appellee.

1.  **Adultery: UNMARRIED PERSON.** An unmarried person may be
guilty of the crime of adultery, and punished therefor under section
4008 of the Code.

2.  ———: INDICTMENT. An indictment for the crime of adultery
may be good although it does not show that the prosecution was
commenced upon the complaint of the husband or wife of the
accused, nor that the latter is unmarried. If the defendant in
such case is married, that fact should be pleaded as a defense.

*Appeal from Clinton District Court.*—HON. W. F.
BRANNAN, Judge.

TUESDAY, OCTOBER 14, 1890.

THE defendant was indicted for the crime of
adultery. A demurrer to the indictment was sustained,
and the state appeals.

*John Y. Stone,* Attorney General, and *A. R.
McCoy,* for the State.

No appearance for appellee.

ROBINSON, J.—The body of the indictment is in
words as follows : " The grand jury of the county

of Clinton, in the name and by the authority of the state of Iowa, upon complaint made and prosecution commenced, by Arthur E. Bicknell, husband of Grace E. Bicknell, accused J. L. Mahan of the crime of adultery committed as follows: The said J. L. Mahan. on the fifteenth day of April, A. D. 1888, in the county aforesaid, did, wilfully and feloniously, have sexual intercourse with Grace E. Bicknell, a married woman, who was not his wife, the said Grace E. Bicknell being then and there a married woman, and the wife of said Arthur E. Bicknell."

I. The indictment was found by virtue of section 4008 of the Code, which is as follows: "Every person who commits the crime of adultery .shall be punished by imprisonment in the penitentiary not. more than three years, or by a fine not exceeding three hundred dollars, and imprisonment in the county jail not exceeding one year; and when the crime is committed between parties, only one of whom is married, both are guilty of adultery, and shall be punished accordingly. No prosecution for adultery can be commenced but on the complaint of the husband or wife." The complaint must be made by the husband or wife of the person accused of the crime. *Bush v. Workman, Sheriff*, 64 Iowa, 205. But an unmarried person may be guilty of the crime and punished as provided by the section quoted. *State v. Wilson*, 22 Iowa, 364. The indictment was evidently drawn upon the theory that the husband of the woman with whom the adultery was committed was the proper person to make the complaint, but the error does not vitiate the indictment. The allegation in regard to the complaint of the husband is immaterial, and may be treated as surplusage.

*1. ADULTERY: unmarried person.*

II. To constitute the statutory offense it is necessary that at least one of the parties to the act of sexual intercourse be married, and both may be. *State v. Roth*, 17 Iowa, 336. The indictment in this case shows that defendant had wilful and felonious sexual intercourse with a woman who was the wife of another. It, therefore, shows that the crime of

*2. ——: indictment.*

adultery was in fact committed. by defendant. Had he been a married man it would have been essential to the success of the prosecution that it should have been commenced on the complaint of his wife. If the indictment had shown that he was married when the prosecution was commenced, it would have been necessary for the state to show that it was commenced on the complaint of his wife. *State v. Henke*, 58 Iowa, 457.

And, when the indictment shows that the defendant was married at the time the prosecution was commenced, it should allege · that the prosecution was commenced on the complaint of the husband or wife. Such an allegation is necessary to show that the court has jurisdiction to try the case, for the reason that an indictment must show on its face that the offense which it charges is triable in the court to which it is returnable. Code, sec. 4305.

But the question raised by the demurrer in this case is, whether it is necessary, when the indictment does not show that the prosecution was commenced on the complaint of the husband or wife of the defendant, that it should show that the defendant was not married when the proceedings were instituted. In considering this question it must be remembered that the complaint required by the statute is not an element of the crime. *State v. Donovan*, 61 Iowa, 278. The indictment discloses no fact from which the marriage of defendant can be inferred. We are not justified in presuming that he was married when these proceedings were commenced. The indictment shows that defendant committed the crime of adultery, and that his guilt does not depend upon his state as to being married or single at the time of the act: Under these circumstances, if defendant was married, the failure of his wife to make complaint was a matter of defense, which he was required to prove in order to take advantage of it. It is not necessary to negative an exception made in a criminal statute, unless it adds a qualification to bring a case within it, which, but for the qualification, would be without it. *State v. Stapp*, 29 Iowa, 551 ; 10 Amer. & Eng. Enc. Law, 578,

' and notes; Whart. Crim. Pl. & Pr., sec. 238; *State v. Conable, ante,* p. 60. We conclude that the indictment in question charged a complete offense, and on its face showed that the court below had jurisdiction to try it. The judgment of the district court is, therefore, REVERSED.