THE STATE OF IOWA, Appellant, v. JOHN MAAS, Appellee.

83  469
95  453
83  469
123  525

Adultery: INDICTMENT: EVIDENCE: CONSTRUCTION OF STATUTE. In a prosecution for adultery, committed by an unmarried man with a married woman, it is competent to prove that the prosecution was commenced upon the complaint of the husband of such woman, though there be no allegation of that fact in the indictment. The provision of section 4008 of the Code that such prosecution can be commenced only on the complaint of the husband or wife is not an element of the crime of adultery.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

FRIDAY, OCTOBER 16, 1891.

THE defendant was indicted for the crime of adultery, and upon the trial, upon the direction of the district court, a verdict of acquittal was rendered. The state appeals.—*Reversed.*

*C. S. Ranck*, County Attorney, and *M. J. Wade*, for the State.

No appearance for appellee.

BECK, C. J.—I. The indictment alleges that the defendant is not a married man, and that the crime was committed with a married woman, but it does not aver that the prosecution was commenced upon the complaint of the husband of such woman; but an indorsement thereon shows that the indictment was found at the instance of the husband of such woman with whom the crime was committed. Evidence was introduced by the state tending to show the defendant's guilt, and the state offered to prove that the husband of the woman with whom the defendant committed the crime commenced the prosecution. The evidence was

rejected, the court holding that, as there was no allegation of the fact in the indictment, it was not competent to prove it. The court directed a verdict for the defendant, on the ground that there is no averment in the prosecution to the effect that the prosecution was commenced by the husband of the woman with whom the crime was committed, and no proof of that fact was before the jury.

II. The statute (Code, sec. 4008) prescribing punishment for the crime of adultery is in this language: "Every person who commits the crime of adultery shall be punished by imprisonment in the penitentiary not more than three years, or by fine not exceeding three hundred dollars, and imprisonment in the county jail not exceeding one year; and when the crime is committed between parties only one of whom is married, both are guilty of adultery and shall be punished accordingly. No prosecution for adultery can be commenced but on the complaint of the husband or wife." This provision forbidding prosecution for the crime, except "on the complaint of the husband or wife," does not prescribe an element of the crime; it simply limits the authority of the court to punish the crime in certain cases. *State v. Donovan*, 61 Iowa, 278; *State v. Mahan*, 81 Iowa, 121. It follows that evidence as to the commencement of the prosecution by the husband or wife may be introduced, though no averment of the fact is found in the indictment. See *State v. Briggs*, 68 Iowa, 416; *State v. Brecht*, 42 N. W. Rep. (Minn.) 602; *State v. Wilson*, 22 Iowa, 364. We conclude upon these conditions that the district court erred in its rulings excluding the evidence and in directing a verdict of acquittal.

The judgment of the court below, without affecting the acquittal of the defendant under Code, section 4527, is REVERSED.