STATE OF IOWA, Appellant, v. CHARLES W. ANDREWS.

**Adultery:** INDICTMENT: COMMENCEMENT OF PROSECUTION. Under Code, section 4008, providing that "no prosecution for adultery can be commenced but on complaint of the husband or wife," the indictment need not show that the prosecution was so commenced, but such fact may be shown without any averment.

*Appeal from Dallas District Court.*—HON. J. H. APPLE-GATE, Judge.

SATURDAY, OCTOBER 5, 1895.

The defendant was indicted and put upon trial for the crime of adultery. At the conclusion of the evidence for the state, the court, on motion of the defendant, directed a verdict for the defendant. The state appeals.—*Reversed.*

*Milton Remley,* attorney general, for the state.

*D. W. Woodin* and *John Shortley* for appellee.

Given, C. J.—I.  Section 4008 of the Code provides that "no prosecution for adultery can be commenced but on the complaint of the husband or wife." This indictment charges that defendant was a married man at the time he committed the alleged crime, and that it was committed with an unmarried female, but does not allege that this prosecution was commenced on the complaint of the defendant's wife. On the trial the state offered in evidence the preliminary information, which was signed and sworn to by defendant's wife. The defendant objected, upon the ground that it was not alleged in the indictment that the prosecution was commenced by defendant's wife, which objection was sustained, and the state excepted. At the conclusion

of the evidence for the state, the defendant moved for a verdict, "because there is no evidence showing that the prosecution was commenced by the wife, such evidence having been held inadmissible, because of the failure to allege same in the indictment, and kept out for that reason only." This motion was sustained, to which the state excepted; and the case is submitted upon the state's abstract and argument, there being no argument for appellee.

The single question presented is whether the court erred in excluding the evidence offered by the state to prove that this prosecution was commenced on the complaint of the defendant's wife because it was not so stated in the indictment, and in directing a verdict for the defendant because it was not so alleged and proven. In other words, the question is whether, in an indictment against a married person for adultery, it is necessary to allege that the prosecution was commenced on the complaint of the spouse of the accused. The learned attorney general directs our attention to what is said to be a conflict in the decisions of this court on this question, and he asks that the law upon the subject be definitely announced. It must be conceded that there is language found in the opinion in *State v. Mahan*, 81 Iowa, 121 [46 N. W. Rep. 855], that is not in entire harmony with other decisions of this court, and that seem to support the rulings complained of. We think that a careful examination of the cases will show that the conflict is more fancied than real. Keeping in mind that the single question is whether, in a prosecution for adultery against a married person, it must be alleged in the indictment that the prosecution was commenced on the complaint of the husband or wife of the accused, let us look to the cases cited. These cases will be better understood by first noticing the construction given to the clause of the statute under consideration. In *Bush v. Workman*, 64 Iowa, 206 [19 N. W. Rep. 910],

it appeared that Bush, a married man, was charged with adultery with a married woman, and that the prosecution was commenced on the complaint of the woman's husband. The court said: "It cannot be doubted that the words 'husband or wife' refer to and mean the spouse of the person charged with the offense." The policy of the statute is that, if the spouse of the guilty party chooses to condone the wrong, no prosecution should be allowed. It is clear, therefore, that a married person can only be prosecuted on the complaint of his or her spouse. Said section 4008 contains this further provision: "And when the crime is committed between parties only one of whom is married, both are guilty of adultery and shall be punished accordingly." Unquestionably, an unmarried person is subject to prosecution, but, being unmarried, there is no spouse to complain. In *State v. Wilson*, 22 Iowa, 367, wherein the defendant was unmarried, it was held "that it was competent for the injured wife of the paramour of the defendant to make complaint." Under these decisions, it has been the established law of this state that prosecutions for adultery against a married person can only be commenced on the complaint of the spouse of the accused, and against an unmarried person on the complaint of the spouse of the paramour.

This brings us to inquire whether it must be alleged in the indictment that the prosecution was so commenced. In *State v. Donovan*, 61 Iowa, 280 [16 N. W. Rep. 130], it is said: "Such fact is essential to the conviction of the defendant, but it does not enter into or constitute any part of the facts which go to make up the crime." *State v. Maas*, 83 Iowa, 469 [49 N. W. Rep. 1037], was a prosecution for adultery against an unmarried man, committed with a married woman. The indictment did not allege that the prosecution was commenced on the complaint of the woman's husband. Evidence was offered by the state to show that the

prosecution was so commenced, and rejected because not so alleged in the indictment, and for the same reason the court directed a verdict for the defendant. This court said: "This provision, forbidding prosecutions for the crime except on the complaint of the husband or wife, does not prescribe an element of the crime; it simply limits the authority of the court to punish the crime in certain cases.  *  *  *  It follows that evidence as to the commencement of the prosecution by the husband or wife may be introduced, though no averment of the fact is found in the indictment." Here we have the question under consideration directly decided. True, that was a prosecution against an unmarried person, while this is against a married person, but that can make no difference in the application of the rule, as in both cases the prosecution could only be commenced on the complaint of a particular person. · The ruling of the district court is said to have been based upon the following language found in the opinion in *State v. Mahan*, 81 Iowa, 121 [46 N. W. Rep. 855]: "And, when the indictment shows that the defendant was married at the time the prosecution was commenced, it should allege that the prosecution was commenced on the complaint of the husband or wife. Such an allegation is necessary to show that the court has jurisdiction to try the case, for the reason that an indictment must show on its face that the offense which it charges is triable in the court to which it is returnable." In that case the indictment showed that it was upon the complaint of the husband of the woman with whom it was charged defendant committed the offense, but it was not alleged that the defendant was married or unmarried. The court said: "The indictment discloses no fact from which the marriage of the defendant can be inferred. We are not justified in presuming that he was married when these proceedings were commenced." The case was considered as one against an unmarried

person. The precise question involved and decided is shown by this statement: "But the question raised by the demurrer in this case is whether it is necessary, when the indictment does not show that the prosecution was commenced on the complaint of the husband or wife of the defendant, that it should show that the defendant was not married when the proceedings were. instituted." If, as was presumed, the defendant was unmarried, the prosecution was authorized because commenced on the complaint of the husband of defendant's paramour. And, as the court says: "If defendant was married, the failure of his wife to make complaint was a matter of defense which he was required to prove in order to take advantage of it." The question under consideration was not made in that case. The case was submitted upon the theory that it was necessary to allege the required facts as to the commencement of the prosecution in the indictment. The court was not called upon and did not assume to decide this question, for it was not involved in the case. The language upon which the district court acted was not a decision of any question in the case, but in harmony with that which was conceded, and was not necessary to question. We think a careful reading of that case will show that the question under consideration was not involved or determined. We are of the opinion that the law on this question was correctly announced in *State v. Maas*, 83 Iowa, 469, 49 N. W. Rep. 1037, and cases there cited, and that evidence that the prosecution was commenced as required by the statute is admissible, though no averment of the fact is made in the indictment. The judgment of the court below, without affecting the acquittal of the defendant, is *reversed.*