PEOPLE *v.* ISHAM.

1. ADULTERY — PRELIMINARY EXAMINATION — COMPLAINT — JURISDICTION — ADMISSION OF RESPONDENT.

· A justice of the peace may acquire jurisdiction for the preliminary examination of a male respondent charged with adultery, under a complaint and warrant which do not allege that the complainant is the wife of the respondent; and he is justified in acting upon an admission made by the respondent's counsel, during the examination, that a marriage ceremony had been performed.

2. CRIMINAL LAW — WITNESSES — INDORSEMENT ON INFORMATION.

It is within the discretion of the circuit judge to permit the indorsement on an information of the name of a material witness for the people, and to receive his testimony at the trial, where the affidavit of the prosecuting attorney, filed 13 days before the trial, shows a sufficient reason why the indorsement was not made before, and states that notice was immediately given to respondent's attorney.

3. ADULTERY — EVIDENCE — MARRIAGE CERTIFICATE.

In a prosecution for adultery, a marriage certificate is admissible, when accompanied by proof of the identity of the parties.

4. SAME — EXTRA-JUDICIAL CONFESSION.

An extra-judicial confession by a respondent, charged with adultery, of a marriage with the complaining witness, is not alone sufficient to establish the marriage.

5. SAME — HUSBAND AND WIFE — COMPETENCY AS WITNESSES.

In a prosecution for adultery, the husband of respondent's paramour may testify to his marriage to her.

6. SAME.

A wife who is the complainant in a prosecution of her husband for adultery is incompetent to show her marriage to the respondent, under 2 How. Stat. § 7546, providing that, in any action or proceeding instituted by the husband or wife in consequence of adultery, the husband and wife shall not be competent to testify.

Exceptions before judgment from Ionia; Davis, J. Submitted January 31, 1896. Decided March 31, 1896.

James W. Isham was convicted of adultery. Reversed.

The affidavit referred to in the opinion, entitled in the cause, was as follows:

" *County of Ionia—ss. :* Royal A. Hawley, of said county, being duly sworn, deposes and says that he is the prosecuting attorney of said county; that the above-entitled cause is on the calendar for trial at the present term of this court; that Hampton Rich and Charles Dolson, of the city of Ionia, in said county, are necessary and material witnesses on the trial of said cause, in behalf of said people; that this deponent was not advised of the names of said witnesses, nor of the character of their testimony in said cause, until the afternoon of November 26, 1895; and that on the morning of November 27, 1895, this deponent caused the names of said persons to be communicated to A. A. Ellis, attorney for said respondent Emma Leonard, and John Nichol, attorney for said respondent James W. Isham; that this deponent therefore asks that the names of said persons may be indorsed on the information filed herein."

*John Nichol* (*A. A. Ellis*, of counsel), for appellant.

*R. A. Hawley*, Prosecuting Attorney, for the people.

HOOKER, J.   The defendant, Isham, was charged, together with one Emma Leonard, his alleged paramour, with the offense of adultery, upon complaint of one Elizabeth J. Isham.

Neither the complaint, warrant, nor information alleged that the complainant was the wife of the defendant. A preliminary examination was had, and the testimony was reduced to writing, subscribed by the witnesses, and returned by the justice. It is contended that this shows that there was no evidence of such marriage. Appended to the return was the following, over the signature of the examining magistrate:

"It is hereby admitted by Mr. Nichol that Mr. Isham went through a marriage ceremony with the complaining witness in this case, for the purpose of this case.
                              "T. M. NESBITT, J. P."

A plea of not guilty was withdrawn by leave of court, and a motion to quash was made, based upon several grounds, principal among which was the claim that there was no allegation or proof of the marriage of complainant and defendant. This motion was supported by the affidavit of counsel, denying that he had authority to admit, or intended to admit, such marriage. This was supplemented by an affidavit of the justice to the effect that, upon the argument before him, counsel for defendant contended that there was no evidence of such marriage, and that thereupon both the prosecuting attorney and the justice claimed that defendant's counsel had admitted the fact, or that a ceremony had in fact been performed between them, for the purposes of the examination, and defendant's counsel then and there denied it, and declined to be bound by it. The court denied the motion to quash. A plea of not guilty was thereupon entered by direction of the court, defendant standing mute, and a trial resulted in conviction.

Upon the trial the court permitted the prosecuting attorney to indorse the name of the witness Dolson upon the information, upon an affidavit dated some 13 days before the trial.

Mr. Leonard, the husband of defendant's alleged paramour, was sworn on behalf of the people, and testified to his marital relations with Mrs. Leonard; and Elizabeth J. Isham was permitted to testify that she was the wife of the defendant; that they were married June 26, 1881, at Plymouth, Wayne county, by one James Carroll, a Baptist minister; that only his wife was present as a witness; and that the defendant and this witness, Mrs. Isham, afterwards cohabited until July, 1895. The marriage certificate of the marriage between Leonard and wife was admitted against objection. Dolson testified that the defend-

ant procured from him a mutual benefit certificate of insurance, payable to Elizabeth Isham, upon the representation that she was his wife. It does not appear that there was any evidence in the case tending to dispute either of said marriages.

The complaint, warrant, and information were valid, unless it was necessary that they contain the allegation that the complainant was the wife of the defendant.

The statute (2 How. Stat. § 7546) provides:

"A husband shall not be examined as a witness for or against his wife without her consent, nor a wife for or against her husband without his consent, except in cases where the husband or wife shall be a party to the record in a suit, action, or proceeding where the title to the separate property of the husband or wife so called or offered as a witness, or where the title to property derived from, through, or under the husband or wife so called or offered as a witness, shall be the subject-matter in controversy or litigation in such suit, action, or proceeding, in opposition to the claim or interest of the other of said married persons, who is a party to the record in such suit, action, or proceeding; and, in all such cases, such husband or wife who makes such claim of title, or under or from whom such title is derived, shall be as competent to testify in relation to said separate property and the title thereto, without the consent of said husband or wife who is a party to the record in such suit, action, or proceeding, as though such marriage relation did not exist; nor shall either, during the marriage or afterwards, without the consent of both, be examined as to any communication made by one to the other during the marriage; but in any action or proceeding instituted by the husband or wife in consequence of adultery, the husband and wife shall not be competent to testify."

The complaint required by statute is not an element of the offense, but it is a condition to its prosecution; and, where a code required that an indictment must show on its face that the offense which it charges is triable in the court to which it is returnable, it has been held necessary to set up the relation between the complainant and defendant. *State* v. *Mahan*, 81 Iowa, 121. A later case de-

cided by the same court holds, however, that proof
of the fact may be introduced, though no averment
of the fact is found in the indictment. *State* v. *Maas*,
83 Iowa, 469, and see cases cited in the opinion; *State* v.
*Andrews*, 95 Iowa, 451.

We are of the opinion that the justice acquired jurisdic-
tion of the defendant through the complaint and war-
rant, and we are also of the opinion that he was justified
in acting upon the admission made by the defendant's
counsel that a marriage ceremony had been performed.
In this connection we disavow any implication that the
trial court, upon a motion to quash, may be asked to re-
view the magistrate's examination, to ascertain whether a
*prima facie* case has been made out. Here we must pre-
sume that the admission occurred in the presence of the
accused, and was binding upon him for the purpose of
the examination, and justified the magistrate in commit-
ting the defendant for trial.

We think the testimony of Dolson was properly re-
ceived, it being within the proper exercise of the discretion
of the trial court to permit the indorsement of his name,
under the facts shown by the affidavit of the prosecuting
officer, which was filed on the day after it was made.

The only evidence tending to establish the marriage of
Mrs. Leonard was that of her husband and the marriage
certificate, while all that was shown in relation to the
defendant's marriage was the testimony of Mrs. Isham that
she was his wife, and the testimony of Dolson that the de-
fendant acknowledged her as such in the transaction men-
tioned. In the case of *People* v. *Lambert*, 5 Mich. 349, it
was held in a case of bigamy that the first marriage could
not be established by the confession of the defendant alone,
and that the marriage certificate was not admissible to
prove it. The marriage certificate mentioned in that case
was a foreign certificate, and there were several objec-
tions to its admissibility. The admissibility of marriage
certificates generally, where accompanied by proof of the
identity of the parties, is recognized in the case of *People*

v. *Broughton*, 49 Mich. 339. See *Cameron* v. *State*, 48 Am. Dec. 111 (14 Ala. 546), and cases cited in note, page 116  As to the marriage of the defendant, the rule seems· well settled that an extra-judicial confession alone will not support a conviction. *People* v. *Lambert*, 5 Mich. 366; *People* v. *Lane*, 49 Mich. 340; *People* v. *Hess*, 85 Mich. 128.  The testimony of Leonard, if offered to prove the fact of adultery, might be of doubtful admissibility, under the case of *People* v. *Fowler*, 104 Mich. 449; but his testimony does not fall within that class of cases which forbids the introduction of evidence tending to show misconduct of a spouse, having been offered merely to prove the marriage.  We think the testimony was admissible.  The testimony of Mrs. Isham was clearly inadmissible, under the statute (2 How. Stat. § 7546).

We must therefore set aside the verdict, and direct a new trial.  Ordered accordingly.

The other Justices concurred.