THE STATE OF IOWA, Appellee, v. JAMES M. ATHEY, Appellant.

**Criminal law:** CONTINUANCE: ABSENT WITNESS. On a prosecution for adultery, refusal to grant a continuance was not erroneous on the ground that an absent witness would testify either that the wife, prior to entering the grand jury room, stated that she did not intend to enter a complaint against her husband, but to testify against another; or, that the female with whom the alleged offense was committed denied the intercourse.

**Adultery:** INSTITUTION OF PROSECUTION BY WIFE: SUFFICIENCY OF PROOF. It is sufficient if the wife's agency in instituting a prosecution for adultery against the husband is proven by a preponderance of the evidence; it need not be shown beyond a reasonable doubt.

**Accomplice:** CORROBORATION: INSTRUCTION. While the question of whether a female with whom the alleged crime of adultery was committed was an accomplice is for the court, still language of the charge which, standing alone, would leave this question to the jury is held to have been without prejudice, where the court in the same connection told the jury that she was an accomplice and that a conviction could not be based upon her uncorroborated testimony.

**Adultery:** CONDONATION: CORROBORATION: INSTRUCTIONS. A requested instruction on a prosecution for adultery, that if the wife condoned the offense the State could not complain, when not connected with the question of whether the wife instituted the proceedings, should be refused. Also one describing the female with whom the crime was committed as a self-confessed felon and requiring that she be corroborated not only as to the commission, but as to the circumstances of the offense.

**Adultery:** EVIDENCE. Evidence held to sustain a conviction for adultery.

*Appeal from Poweshiek District Court.*— HON. W. G. CLEMENTS, Judge.

TUESDAY, JULY 10, 1906.

REHEARING DENIED, THURSDAY, FEBRUARY 14, 1907.

THE defendant, having been convicted on charge of adultery, appeals. *Affirmed.*

*Tom H. Milner* and *E. E. Blanchard,* for appellant.

*C. W. Mullan,* Attorney General; *L. De Graff,* Assistant Attorney General, for the State.

WEAVER, J.   The defendant, a married man of middle age, was indicted and convicted, upon a charge of adultery with his wife's sister, an unmarried girl of about seventeen years.   He seeks a reversal of the judgment against him on several grounds.

I.   Complaint is made of the ruling of the trial court denying appellant's motion for continuance because of the alleged absence of a material witness.   There was no error in the ruling.   The only matter to which it was claimed the absent witness would testify was, first, that the girl, Ethel Wolford, with whom the adultery was alleged to have been committed, had in the presence of the witness denied that any act of sexual intercourse ever occurred between herself and the appellant; and, second, that the wife of the defendant, just before going into the grand jury room at the time when this prosecution was instituted, told the witness she did not desire or intend to enter any complaint or institute any criminal proceedings against her husband, and that her only purpose in going before the grand jury was to give her testimony against one Charles Acord.   The matter last stated is so clearly incom-

1. CRIMINAL LAW: continuance; absent witness.

petent upon any phase of the issues to be tried that we can hardly believe counsel serious in urging it upon our attention, and we shall not take time to discuss it. The other item of proposed evidence could become competent only in the event that the girl, Ethel Wolford, should become a witness for the State and upon the witness stand deny having made the statements attributed to her. In other words, the matter could be admitted and considered for the purposes of impeachment alone, and not as substantive evidence in appellant's favor. When the motion was ruled upon it could not be told with any certainty that Miss Wolford would testify at all, or, if she did testify, it could not be assumed in advance that she would deny such statements. Moreover, when she came upon the witness stand and was asked with reference thereto by appellant's counsel, she frankly admitted that she had made the statements which it was proposed to prove by the absent witness. There was no prejudice to appellant in refusing the continuance.

II. The indictment, after charging the alleged crime, concluded with the statement that the prosecution had been instituted upon complaint of the wife of the accused. It is

2. ADULTERY: institution of prosecution by wife: sufficiency of proof.

claimed by counsel that to justify a conviction this allegation should have been established beyond a reasonable doubt, and that the court erroneously instructed the jury that the State was only bound to show the fact by a preponderance of the evidence. In the first place, without taking the time to set out the charge in full, it may be said it is at least doubtful whether the instructions given upon this point do not go to the full extent of the rule as contended for by counsel. As a matter of law, however, we are not disposed to hold that the wife's agency in the prosecution must be shown beyond a reasonable doubt. It constitutes no part or element of the crime, and we are already committed to the proposition that, while the fact is essential to the right or authority of the State to set the law in motion for the punishment of

the offense, it is sufficient if it be established by a prepon-
derance of the evidence.  *State v. Donovan,* 61 Iowa, 278;
*State v. Stout,* 71, Iowa, 343.  Neither *State v. Henke,* 58
Iowa, 457, nor *State v. Briggs,* 68 Iowa, 416, announce any
different rule.    The effect of the holding in the Briggs case,
on which appellant places chief reliance, is simply that this
question cannot be disposed of on a motion to quash, but
must be treated as one of the facts to be considered upon
the trial.    The fact that this prosecution was commenced
upon the voluntary complaint of appellant's wife was
abundantly established.    It is true that on the trial she ap-
peared as a witness in behalf of her husband and denied
that she intended to institute proceedings against him.    It
is no unusual thing for the wife of an adulterer to insti-
tute prosecution against him, and later, when her anger has
cooled, to repent her act and try to save him from the
just penalty of his offense by retracting the charge so far
as possible and denying her agency in setting the law in
motion.    See State v. Briggs, *supra.*    It is fortunate for
the ends of justice that the right to determine the com-
mencement of such a prosecution does not imply the power
to recall or dismiss a charge once properly presented; other-
wise, few adulterers with soft-hearted wives would ever
reach the penitentiary.

    III.    Appellant invokes the benefit of the statute which
provides that conviction of a public offense cannot be had
upon the uncorroborated evidence of an accomplice, and

3. ACCOMPLICE:
corroboration:
instruction.

complains that the jury were misdirected in
respect thereto.    The record does not support
the assignment of error.    The court did fully
and explicitly state the law to the jury as to the testimony
of an accomplice.    It is true that in one instruction the court
by evident inadvertence made use of language from which,
standing alone, it should seem that the question whether Miss
Wolford was an accomplice was to be determined by the
jury; but in the same immediate connection the jury were

told that she was an accomplice, and that the jury could not convict appellant upon her evidence, unless they found it corroborated as provided by the statute. It is not conceivable that the appellant was in any manner prejudiced by the instructions complained of, and the objections thereto cannot be sustained.

Nor was there any error in refusing the instructions asked by the appellant. So far as they contained correct propositions of law applicable to the case they were fairly

4. ADULTERY: condonation; corroboration; instruction.

covered by the court's charge. Other propositions offered were properly rejected. For instance, in one request the court was asked to tell the jury that the defendant's adultery, if any, was a crime against his wife, and that if she is disposed to condone the offense " neither the State nor society in general can complain." Such an instruction, divorced as it is from any reference to the question whether the wife instituted the prosecution, has as little support in the law as it has in morals. Another proposed instruction required the court to describe Miss Wolford to the jury as a " self-confessed felon," and say that if a crime was committed she must be " corroborated, not only as to the commission of the offense, but as to the circumstances thereof." No argument is necessary to demonstrate that such instructions, if given, would have been unquestionably erroneous.

IV. Much stress is placed in argument by the appellant upon the proposition that the verdict is not sustained by the evidence. This assertion is reinforced by profuse and ex-

5. ADULTERY: evidence.

travagant denunciation of the girl with whom the adultery is charged to have been committed. Counsel speak of her as " this self-confessed criminal, accomplice, and abandoned girl of mature years," " this self-confessed abandoned girl," " this abandoned female," " this abandoned accomplice," who " lied like a pirate," who " cannot tell the same story twice as to when she first sunk into the purlieu of infamy by surrendering

God's diamond jewel of her nature to the gods of lust," and whose evidence "flows from so fierce a slough of filth, abandoned honor, abandoned modesty, and abandoned tenets, that it would by comparison make the waters of the Big Muddy look clear as waters rushing over sands of gold." An examination of the abstract, which presumably presents the evidence in its most favorable aspect for the defense, demonstrates that the only justification of this display of vituperative eloquence is in the fact that there is nothing else to be said in the appellant's behalf. It is shown beyond question that this man of mature years debauched his wife's sister, a girl not yet seventeen years old, one to whom he should have been a guardian and protector, seeking her in her own home and at the school where she was a pupil until he had so far poisoned and corrupted her mind that she fled with him to another State, and that when put upon trial for his crime he made not the slightest attempt to explain his conduct or palliate his offense. If the witnesses are to be believed and it was for the jury to say whether they were entitled to credit, the charge against the appellant was established beyond the remotest possibility of a doubt.

There is no reversible error in the record, and the judgment of the district court is *affirmed*.