Argued December 17, affirmed December 31, 1914.

# STATE *v.* AYLES.*

(145 Pac. 19.)

**Adultery—Indictment—Prosecution by Injured Spouse.**

1. An indictment for adultery need not allege that the prosecution was instituted by the injured spouse, as required by Section 2072, L. O. L.

**Adultery—Elements of Offense—Joint Guilt.**

2. One party to an illicit intercourse may be guilty of adultery and the other innocent thereof; it not being essential to the commission of such offense that there be a joint criminal intent.

**Criminal Law—Harmless Error—Instructions—Adultery.**

3. An instruction that "if one of the parties to the illicit·intercourse is guilty, then both are guilty of adultery," being a statement unduly favorable to the defendant convicted, was harmless.

**Adultery—Defense—Connivance of Husband.**

4. That the husband of the woman connived with and abetted defendant in the commission of the act of adultery constituted no defense.

**Grand Jury—Proceedings—Secrecy.**

5. In a prosecution for adultery, it was not error to admit the testimony of the clerk of the grand jury that the husband of the woman appeared before the grand jury and testified against his wife and defendant, and that the wife appeared as a voluntary witness, and testified that she had intercourse with defendant on the night of their arrest.

> [As to use of word "felonious" in indictment for adultery, see note in Ann. Cas. 1912A, 263. As to what constitutes living in open and notorious adultery, see notes in 32 Am. Dec. 289; 113 Am. St. Rep. 271.]

*For cases passing upon the construction and effect of provisions requiring prosecution for adultery to be upon complaint of husband or wife, see note in 19 L. R. A. (N. S.) 786.        REPORTER.

From Multnomah: George N. Davis, Judge.

The defendant, James G. Ayles, was indicted, tried and convicted of the crime of adultery, and from the judgment and sentence imposed thereon appeals.

Affirmed.

For appellant there was a brief over the names of *Mr. Robert E. Hitch* and *Mr. John Manning,* with an oral argument by *Mr. Hitch.*

For the State there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, *Mr. Robert F. McGuire,* Deputy District Attorney, and *Mr. George Mowry,* Deputy District Attorney, with an oral argument by *Mr. Mowry.*

Department 2. Mr. Justice McNary delivered the opinion of the court.

Convicted of adultery and sentenced to pass a term of six months in the county jail of Multnomah County, defendant prosecutes this appeal, and assigns as grounds therefor the commission by the court of 11 distinct errors. On the 30th day of January, 1913, defendant and Lydia Mulloy were jointly indicted for the crime of adultery, committed as follows:

"The said James G. Ayles and Lydia Mulloy, on the 13th day of January, A. D. 1913, in the county of Multnomah and State of Oregon, not being then and there married to each other, but the said Lydia Mulloy then and there having a husband living other than the same James G. Ayles, to wit, A. C. Mulloy, had carnal knowledge together each of the body of the other, and thereby committed adultery contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The defendants were tried together, the jury return-
ing a verdict of guilty as to the defendant, and not
guilty as to Lydia Mulloy.

1. We read from Section 2072, L. O. L.:

"A prosecution for the crime of adultery shall not
be commenced except upon the complaint of the hus-
band or wife, or if the crime be committed with an un-
married female under the age of twenty years upon
the complaint of the wife, or of a parent or guardian
of such unmarried female, and within one year from
the time of committing the crime, or the time when the
same shall come to the knowledge of such husband or
wife or parent or guardian.   When the crime of adul-
tery is committed between a married woman and an
unmarried man, the man shall be deemed guilty of
adultery also, and be punished accordingly."

Returning to the indictment, it will be observed that
no mention is made that the action was initiated by
the husband of Lydia Mulloy.   The introductory part
of the indictment merely recites that:

"James Ayles and Lydia Mulloy are accused by the
grand jury of the county of Multnomah and State of
Oregon by this indictment of the crime of adultery."

Notwithstanding the statutory command that the
prosecution shall be commenced only upon the com-
plaint of the injured spouse, the cases hold that it is
not necessary to allege such facts; for evidence thereof
may be introduced without the averment: *State* v.
*Athey,* 133 Iowa, 382 (108 N. W. 224); *State* v. *An-
drews,* 95 Iowa, 451 (64 N. W. 404); *State* v. *Maas,* 83
Iowa, 469 (49 N. W. 1037); *People* v. *Isham,* 109 Mich.
72 (67 N. W. 819); *State* v. *Brecht,* 41 Minn. 50 (42
N. W. 602); 1 Cyc. 956.

2, 3. It is claimed by defendant that the trial court
committed a legal mistake in advising the jury that,
"if one of the parties to the illicit intercourse is guilty,

then both are guilty of adultery." Some courts advance the doctrine that, after the acquittal of one of the defendants in a joint charge of adultery, there can be no conviction of the other. This is not in accord with the better authority, and the proper rule appears to be that the acquittal of one of the defendants is no bar to the prosecution and conviction of the other defendant. While it is true that, to constitute adultery, there must be a joint physical act, it is not necessary that there should be a joint criminal intent. One party may be guilty and the other innocent, though the joint physical act necessary to constitute adultery is complete: *State* v. *Eggleston,* 45 Or. 346 (77 Pac. 738); *State* v. *Cutshall,* 109 N. C. 764 (14 S. E. 107, 26 Am. St. Rep. 599); *Commonwealth* v. *Bakeman,* 131 Mass. 577 (41 Am. Rep. 248); 1 R. C. L. 644. Unquestionably, the trial court missed the law when he told the jury that, "if one of the defendants is guilty, then both are guilty." However, we fail to discern where this instruction injuriously affected the defendant, because it is a more favorable statement than the law sanctions or than defendant might expect. In a case where the court erroneously instructs the jury to the advantage of defendant, and the jury acts in accordance with the law and in disregard of the instructions, the defendant cannot be heard to say that he has been injured.

4. Defendant's strongest contention is that the court erred in refusing to admit evidence tending to show that the husband of Lydia Mulloy connived with and abetted defendant in the commission of the act of adultery. Defendant invokes the benefit of the same theory in the following requested instruction:

"I instruct you that, if you find from the evidence that the prosecuting witness, A. C. Mulloy, the husband

of Lydia L. Mulloy, one of the defendants herein, acquiesced in or assented to the act or acts of sexual intercourse between the defendants, Lydia L. Mulloy and James G. Ayles, if you find any act or acts of sexual intercourse between said defendants did occur, then you should find the defendant James G. Ayles not guilty.''

An outline of the testimony proffered by defendant is: That the defendant Lydia Mulloy, when a girl under 17 years of age, was seduced by A. C. Mulloy, who subsequently married her in order to cover the infamy of the crime; that since the time of their marriage the husband has been seeking to invent grounds for a separation and divorce; that he insisted upon his wife remaining alone in the house with defendant while he (Mulloy) absented himself therefrom; that the husband connived in every imaginable way to throw his wife in the company of defendant by having defendant assist his wife in washing dishes and helping her about the kitchen and house; that during some festive occasion at Hillsboro, Mr. Mulloy entered a saloon, and, in the presence of several witnesses, stated that he had left defendant to bring his wife in from the farm, and that he ''hoped to God he would run off with her''; that defendant was solicited by Mr. Mulloy ''to have intercourse with his wife by inference and innuendos''; that Mulloy stated in the presence of defendant, and to him directly, that he didn't care if he caught somebody having connection with his wife, because he wanted to get a divorce from her; that the husband knew his wife and defendant were going to Portland; and that defendant had assurance that he would not be harmed.

With much pressure it is argued that, if these things were true, defendant could not be convicted of the offense, for the reason that he was induced to com-

mit the act. The books abound with much learning upon this interesting department of the criminal law. Nevertheless our steps have not been guided by the light of adjudged cases involving the crime of adultery. Still we feel no reason for hesitating to announce the rule that seems to us best adapted to the promotion of justice. In the case of *State* v. *Hull,* 33 Or. 57 (54 Pac. 161, 72 Am. St. Rep. 694), this court, speaking through Mr. Justice R. S. BEAN, said:

"It is difficult to see how a man may solicit another to commit a crime upon his property, and, when the act to which he was invited has been done, be heard to say that he did not consent to it."

This was a case of larceny where the property charged to have been stolen was taken, not only by the consent and passive acquiescence of the owner, but by his express direction, and upon the advice and with the action co-operation and assistance of his agents; and this court held, in effect, that there was no trespass committed in the taking if there was no taking without the owner's consent. Even in the larcenous class of cases we know of no case that holds that one who has committed a criminal act should be acquitted because induced to do so by another. It is merely when the criminality of the act is shown to be absent by the fact of the inducement that such proof justifies acquittal. If the crime originates with the accused, and the intended victim does not actually urge him on to the commission of the crime, the mere fact that he facilitates the execution of the scheme will be no defense to the accused: *Connor* v. *People,* 18 Colo. 373 (33 Pac. 159, 36 Am. St. Rep. 295, 25 L. R. A. 341) ; *People* v. *Liphardt,* 105 Mich. 80 (62 N. W. 1022) ; *Thompson* v. *State,* 106 Ala. 67 (17 South. 512) ; *State* v. *Jansen,* 22 Kan. 498;

*State* v. *West,* 157 Mo. 309 (57 S. W. 1071); *People* v. *Krivitzky,* 168 N. Y. 182 (61 N. E. 175).

"The fact that decoys were set, or a trap laid, by means of which a person was detected in the perpetration of a crime, cannot be set up as a defense to the prosecution therefor, where the crime was conceived by the accused, and not suggested by the prosecuting witness, or those acting for him duly authorized in the premises, and the owner did not willingly part with and consent to the taking of the property": Wharton's Criminal Law (11 ed.), Vol. 1, § 389.

Counsel, in support of his position, attracts our attention to cases having for their purpose the dissolution of the marriage contract where the courts have held that a husband may not obtain a divorce who directly encourages his wife to commit adultery. An examination of the cases and our own statute reveals the situation that this defense is statutory. Section 510, L. O. L., reads:

"In a suit for the dissolution of the marriage contract on account of adultery, the defendant may admit the adultery, and show in bar of the suit, * * (1) that the act was committed by the procurement or with the connivance of the plaintiff."

The reason is apparent. Plaintiff in a divorce case may with propriety watch his wife whom he suspects of adultery, in order to obtain proof of that fact, which he may use in evidence to procure a decree of divorce, but when he commits acts which have the effect of beguiling his wife to an adulterous bed, the law interposes the statute as an obstacle to the accomplishment of his purpose. We acknowledge that in those crimes where the element of trespass and intent are necessary ingredients, consent to the act relieves the party charged from liability to criminal prosecution; yet in

those acts which affect the public morals, and where the idea of the sale and barter of private property is not concerned, we cannot see the application of the rule. True, in cases of this character the prosecution can only be commenced on the complaint of the outraged spouse; yet the act is an offense against the state: *State* v. *Donovan,* 61 Iowa, 281 (16 N. W. 130); *State* v. *Smith,* 108 Iowa, 443 (79 N. W. 115); *State* v. *Athey,* 133 Iowa, 386 (108 N. W. 224).

The fact that the husband may have been guilty of sinful conduct which encouraged the defendant to commit the crime does not lessen or in any manner affect the wrong which society suffers, and public policy, good morals, common decency, and considerations of justice demand the punishment of the offense under such circumstances as strongly as though the crime had been committed by stealth and through the employment of agencies unknown to the husband. For these reasons the evidence was properly excluded, and instructions properly refused. Well may we add that, if the rejected testimony is true, offended justice has not yet been fully vindicated.

5. The only remaining assignment of error which we deem necessary to consider concerns the action of the trial court in admitting testimony of the clerk of the grand jury to the effect that the husband of Lydia Mulloy appeared before the grand jury and gave testimony against his wife and defendant, and that Lydia Mulloy also appeared as a voluntary witness and testified that she had intercourse with defendant on the night of their arrest. The particular ground of objection to the testimony is that the grand jury-room "is supposed to be secret, and the grand jurors are not to reveal anything that may transpire therein, except when witnesses examined before the grand jury refute

their testimony before the trial jury.'' We think counsel draws too narrowly the limitations upon the testimony of grand jurors. Public policy forbids that the jurors be allowed to state how the members of the jury voted or make public the opinions expressed by the different jurors during their deliberations, or to unbosom the fact that an indictment has been found prior to its becoming a public record. But much authority is to be found in support of the rule that testimony of a grand juror is admissible to show that a person did or did not testify before the grand jury, and testimony given by the witness before the grand jury, when otherwise competent, may be recounted by a grand juror: *State* v. *Moran,* 15 Or. 262 (14 Pac. 419); *Commonwealth* v. *Hill,* 11 Cush. (Mass.) 137; 20 Cyc. 1353; *People* v. *Nonthey,* 77 Cal. 618 (19 Pac. 865, 20 Pac. 129); *State* v. *Carroll,* 85 Iowa, 1 (51 N. W. 1159); *Hinshaw* v. *State,* 147 Ind. 334 (47 N. E. 157). There are a few additional questions presented on behalf of defendant, and which we have examined, and deem them not of sufficient importance to require separate notice; therefore the judgment of conviction is affirmed.                                              AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.